ALEXANDER OLDHAM v. F. W. KERCHNER.

*Measure of Damages—Burden of Proof.*

In an action for breach of contract in not delivering corn to be ground for defendant, by the plaintiff, at the mill of the latter, the measure of damages is, *prima facie*, the difference between the cost of grinding and the contract price ; and the burden is upon the defendant to prove all matters in reduction of such damages.

(*Hendrickson* v. *Anderson*, 5 Jones, 246; *Brinkley* v. *Swicegood*, 65 N. C., 626, cited and approved.)

PETITION by defendant to Rehear filed at January Term, and heard at June Term, 1879, of THE SUPREME COURT.

*Mr. D. L. Russell*, for plaintiff.
*Messrs. Hinsdale & Devereux*, for defendant.

ASHE, J. This is a petition to rehear this cause in which an opinion was filed by this court at June term, 1878, and is reported in 79 N. C., 106.

The error assigned by the petitioner in the opinion, is "that the court declared and determined that in an action for breach of contract in not delivering corn to be ground, the measure of the plaintiff's damages is the difference between the costs of grinding and the contract price, and not the actual damages, to be made out by proof on the part of the plaintiff."

The first inquiry then is, what is the measure of damages in this case ?

Mr. Sedgwick in his work on Damages, in treating of the damages recoverable in personal actions upon contract, says, "the two cardinal principles which will be found to pervade and regulate this branch of our subject are, 1. That the plaintiff must show himself to have sustained damage, or

in other words that actual compensation will be given for actual loss. 2. That the contract itself furnishes the measure of damages. These two rules are closely interwoven with each other, and it is impossible to consider them altogether separately."

The seeming error in the opinion of the court results from the separate application of only one of these rules, when if the evidence in the case had justified the application of both the rules, there would have been found no real difference in the doctrine enunciated by the court in its opinion and that contended for by the defendant, only in the mode of reaching the same end, to wit, the actual damages. The defendant insists that there was error because the court did not hold the measure of the plaintiff's damages to be the actual damage, to be made out by the plaintiff. The court as we understand the opinion did virtually hold that that was the measure of damages, but to be made out by the defendant; that the *onus* was upon him, and if he failed to adduce the proof, then the plaintiff having proved the contract, the breach of it by the defendant, the loss of certain profits resulting from the breach, and his ability and willingness to grind the whole amount of the corn, to pay the judgment according to the contract price, that the contract price was the measure of his damages, and to be taken *prima facie*, as the actual damage, unless evidence should have been offered in diminution of the damages; and to that end the burden lay upon the defendant to make the proof.

The court in its opinion sustained the charge of the court below, viz; that the measure of damages in this case was the "difference between the costs of grinding and the contract price." And it was suggested by defendant's counsel "that the instructions though correct as far as they went were erroneous, in that, they ought to have stated that the actual loss sustained by the defendant's breach of contract was the true measure of damages; and if the plaintiff after

defendant's refusal to deliver corn to be ground under the contract did receive from other persons employment more or less lucrative for such part of his machinery as would have been occupied in performing his contract with the defendant, or by reasonable effort on his part might have received such employment, the profit that was or might have been thus made, must be deducted from the profit he would have made had defendant performed his contract, in order to ascertain the actual damage." The court admitted that to be the correct doctrine, and the charge of His Honor in the court below should have been so given if there had been anything in the evidence to which such a doctrine was applicable. And it held that it was incumbent on the defendant to furnish the evidence for its application. In this the defendant says there was error, and this brings us to the sole question involved in the case—upon whom was the burden of proof?

If the *onus* was upon the plaintiff, there was error; but if it lay upon the defendant, there was no error, and the opinion of the court must stand.

We think the opinion of the court is sustained by the current of authorities. In Sedgwick on Damages, p. 210, the doctrine is maintained that where a party was employed as the superintendent of a railroad for a specified compensation, and was dismissed without cause, he was held *prima facie* entitled to recover for the whole time, but that defendant might show in diminution of damages that after the plaintiff had been dismissed, he had engaged in other business. To the same effect is *Costigan* v. *Mohawk R. R. Co.*, 3 Denio, 610. And it has been held in the case of clerks, agents, laborers and domestic servants who have engaged to serve for a year, or a shorter determinate period, if the person so employed is improperly dismissed before the time of service expires, he is entitled to recover for the whole time, unless the defendant on whom the burden of proof lies, can

show, either that the plaintiff was actually engaged in other profitable service during the time, or that such employment was offered to him and rejected. 2 Greenl., § 261; *Shannon* v. *Comstock*, 21 Wend., 457.

This doctrince has been held.in the case of *Hendrickson* v. *Anderson*, 5 Jones, 246, which is the leading case in our own state upon this subject. The court there held that " when one contracts to employ another for a certain time at a specified compensation, and discharges him without cause before the expiration of the time, he is in general bound to pay the'full amount of the wages for the whole time; but in a suit for the stipulated compensation, as in our case, the defendant may show in diminution of damages, that after the plaintiff had been dismissed he was engaged in other lucrative business. This however must be proved by the defendant and must not be presumed. The decision in this case has been cited and approved in the case of *Brinkley* v. *Swicegood*, 65 N. C., 626, and the same doctrine is recognized in the case of *Hecksher* v. *McCrea*, 24 Wend., 305.

These authorities besides establishing, the position that the burden of proof is upon the defendant, clearly illustrate the intimate connection of the two rules above cited in their application to special contracts where specific compensation is stipulated, and the contract price is the guide in the assessment of damages. In such cases, it requires the application of both rules to ascertain the actual damages. The rule that the contract furnishes the measure of damages is subject to the other rule that compensation is only to be given for the actual loss. But there must be evidence furnishing ground for the application of the latter rule, and the burden of producing that evidence according to the authorities lies upon the defendant. This is the full scope and meaning of the opinion filed in this case by this court at June term, 1878, in which there is no error.

The opinion therefore delivered by this court at June
28

term, 1878, in this case, will stand as the decision of the court.

No error.                                    Affirmed.