JOHN L. HINTON v. E. A. LEIGH et al.

*Mortgage—Deed—Trust—Registration—Notice—Creditors—Purchasers for Value.*

L. being indebted to H., conveyed to him lands as security, and subsequently conveyed the same lands to a trustee to secure other creditors, under which there was a sale, and one of the last secured creditors became purchaser. The mortgage to H. was not registered until the day after the deed in trust; the latter, however, recited the fact of the conveyance (mortgage) to H., and in the *tenendum* clause contained a statement that the lands conveyed, " and as they are herein described," should be held, &c.: *Held,*

1. That the mortgage to H., not being registered until after the deed in trust, was inoperative as to the latter.

2. That the legal effect of the recitals and provisions in the deed in trust was to create a charge upon the lands for the payment of the debt intended to be secured by the mortgage, which the Court would enforce by requiring the purchaser to pay the debt or by directing a resale for that purpose.

3. No actual notice, however clear, of an unregistered mortgage or deed in trust, will operate to the prejudice of creditors or purchasers for value.

This is a CIVIL ACTION, which was tried before *MacRae, J.,* a trial by jury being waived, at Fall Term, 1888, of PERQUIMANS Superior Court.

It appears that the 19th day of August, 1878, the defendant, A. E. Leigh, as was said, was indebted to the plaintiff in the sum of $7,500, and on that day executed to him a deed of mortgage to secure that indebtedness, whereby he conveyed sundry tracts of land, designated as the " Stephenson Point farm," the " Barclift tract," and the " Mullen tract," and this deed was proven and registered on the 5th day of March, 1879, the day next after the deed of trust, presently to be mentioned, was registered. The plaintiff abated $1,500 of the debt secured by this mortgage, this sum being usurious.

Afterwards, the defendant Leigh being indebted as *receiver* to James Leigh in the sum of $11,500, executed his deed of trust to secure the same and a debt to another person, to S. B. Harrell, trustee, on the 3d day of March, 1879, and the same was proven and registered on the 4th of the same month, one day before the mortgage mentioned above was registered. This deed of trust contained a power of sale, and embraced the same tracts of land embraced by the mortgage above mentioned, and sundry other tracts, and the part thereof material here is as follows: .

" Be it known, that the several tracts of land described herein, designated herein as numbers one, two and three, and known as the Stephenson Point, the Mullen and the Barclift tracts, have been heretofore conveyed by deed in trust to secure the payment of a debt due to John L. Hinton, for the sum of $7,500, or about that sum. That the tract herein described and designated as number four, known as the Sutton tract, has been heretofore conveyed by deed in trust to secure a debt to B. W. Thach, for the sum of $3,000, and some interest due thereon, the same a part of the purchase money or consideration for the purchase thereof, and the same is further encumbered and subject to a deed in trust executed to secure a debt due to Willie Riddick for about the sum of $4,000; and the tracts numbered herein as numbers five and seven, and known and designated as the Layden tract, the Sumner tract and the Charles Sumner tract, having been conveyed to secure the payment of two notes due to C. W. Grandy & Sons, of Norfolk, Va., dated the 21st day of June, 1878, one for the sum of $3,315, payable on the 14th day of October, 1878, and the other for the sum of $5,351, both drawing interest from their dates at the rate of eight per cent. per annum—the said deed in trust mentioned having been proved and registered in the county of Perquimans, and reference is made to the said deed for further particulars. To have and to hold each and every of the tracts and par-

cels of land (eight in number) herein described and as they are herein described, together with all and singular the improvements, privileges and appurtenances thereto belonging, or in anywise appertaining to the same or either of them, to him the said S. B. Harrell, his heirs and assigns, in fee forever.

"In special trust and confidence nevertheless, and for the uses and purposes herein expressed and no others, that is to say," &c.

Afterwards, on the 20th day of November, 1884, the said Harrell, trustee, sold the lands embraced by the mortgage mentioned, and designated as one, two and three, according to the terms of the trust therein, to satisfy the debt mentioned due to James Leigh (who had before that time died), and the defendant Mary E. Robinson, who is his sole next of kin and heir-at-law, became the purchaser thereof, at the price of $9,905, which, it seems, was not enough to pay the debt last above mentioned.

This action is brought by the plaintiff to obtain judgment for $6,000 of the debt secured by the deed of mortgage first above mentioned, and to have the tracts of land mentioned in the deed of mortgage sold by order of the Court to pay his debt, and for general relief. The defendant Robinson contends that the deed of mortgage is void as to the debt due to the administrator of James Leigh, and as to herself as purchaser.

Upon the material facts above stated substantially, the Court gave judgment, whereof the following is a copy:

"1. That the plaintiff recover of the defendant E. A. Leigh the sum of six thousand dollars.

"2. For the cost of this action, to be taxed by the Clerk of this Court.

"3. That the mortgage of E. A. Leigh to John L. Hinton, dated August 19, 1878, and registered March 5, 1879, is not a prior lien to the mortgage of E. A. Leigh to L. B. Harrell,

trustee, dated March 3, 1879, and registered March 4, 1879, on the property therein conveyed; and

"4. The plaintiff is not entitled to the relief demanded against the defendants C. H. Robinson and wife Mary E. Robinson."

From this judgment the plaintiff, having excepted, appealed to this Court.

*Mr. W. D. Pruden*, for the plaintiff.
*Mr. E. F. Aydlett*, for the defendants.

MERRIMON, J. (after stating the case). The statute (*The Code*, § 1254) declares that "no deed of trust or mortgage for real or personal estate shall be valid at law to pass any property as against creditors or purchasers for a valuable consideration from the donor, bargainor or mortgagor, but from the registration of such deed of trust or mortgage in the county where the land lieth," &c. Hence it is the registration of deeds of trust and mortgages that gives them operative effect as against creditors, to be affected adversely by them and purchasers for a valuable consideration, and registration is necessary for that purpose.

The mortgage of the plaintiff was prior in date of its execution to that of the deed of trust in question. but it was registered subsequently to the registration of the deed of trust. It is clear, therefore, that the mortgage was invalid and inoperative as against the deed of trust and those claiming under and by virtue of it. The mere fact that the trustee of the deed of trust, and the purchasers for a valuable consideration claiming under it, and creditors, may, at the time of its registration, have had notice, however clear, of the prior unregistered mortgage, could not at all prejudice them. This is well settled by numerous adjudications of this Court. It would be otherwise, however, as to such creditors or purchasers who should *fraudulently* prevent or delay the registration of the prior

mortgage or deed of trust. The law will not tolerate or give effect to such fraud. *Fleming* v. *Burgin,* 2 Ired. Eq., 584; *Robinson* v. *Willoughby,* 70 N. C., 358 ; *Todd* v. *Outlaw,* 79 N. C., 235.

It is not alleged by the plaintiff, nor was there evidence to prove, that any person—creditor or purchaser—by any fraud circumvented, hindered or delayed the registration of the plaintiff's mortgage until after that of the deed of trust. So that the plaintiff cannot have benefit of his mortgage against the defendant Robinson, and it may be put entirely out of view as a valid instrument as to her.

We are, however, of opinion that, giving the deed of trust in question a proper interpretation, the plaintiff is entitled to take benefit under it and have his debt paid out of the proceeds of the sale of the land therein specially designated, and which, it appears, the *feme* defendant purchased.

The deed of trust so operated as to pass such title to the lands therein described as the maker thereof had at the time he executed the same, unaffected, as we have seen, by the prior unregistered mortgage mentioned, to the trustee, and the latter had power to sell and convey the land, passing such title as he so received. This deed of trust expressly conveyed the three tracts of land embraced by the mortgage for the principal and expressed purpose of the deed, but coupled with a trust in favor of the plaintiff, and charged first with the payment of the debt for which he obtained judgment in this action, and which he seeks to have paid out of the proceeds of the sale of the land. It is true that the trust in his favor is not created by express provision and terms of the deed, but the intention to create it clearly appears by strong implication from certain of its provisions, and there are words sufficient to give it effect.

The deed, after specifically describing the three tracts of land referred to in the proper connection in the conveying part of it, further mentions them, not to describe their

boundaries or the quantity of each, but for the purpose of explaining their condition; that they were charged with the burden of the plaintiff's debt, and were conveyed subject to that burden.

The explanatory words of the deed are: " Be it known, that the several tracts of land described herein, designated as numbers one, two and three, * * * * * have been heretofore conveyed by deed in trust to secure the payment of a debt due to John L. Hinton (the plaintiff) for the sum of $7,500, or about that sum." And there are these further explanatory words in the *tenendum* clause: " To have and to hold each and every of the tracts and parcels of land (eight in number) herein described, *and as they are herein described,* together with," &c. Each of the tracts was first specifically described as to its boundary, and afterwards as subject to certain particular burdens mentioned. These explanations, and in effect exceptional and limiting provisions, suggest and imply the purpose of the maker of the deed to pay the plaintiff's debt first out of the proceeds of the sale of the three tracts of land mentioned in connection with his debt referred to. He obviously thought he had conveyed the three tracts by a former deed of trust for the plaintiff's benefit, and he referred to such deed in order to make manifest his intention to convey them by the deed in question, subject to and charged with the payment of the plaintiff's debt. This he could and intended to do, and there is no reason why his purpose thus appearing shall not be effectuated in this action.

It appears that the *feme* defendant was the sole next of kin and heir-at-law of James Leigh, deceased, and it may be that she purchased the land with the understanding and expectation that she would be entitled to the proceeds of the sale thereof, and that she bid a price for it she would not have given if she had known of the plaintiff's rights. If so, she may be allowed to surrender her bid and have the

102—3

sale set aside. In that case, if need be, she will account for rents and profits. The Court will in that case order the trustee to be made a party to the action, and direct him to resell the land and apply so much of the proceeds of the sale thereof as may be necessary to the payment of the plaintiff's judgment. Otherwise, the *feme* defendant must pay into Court so much of the price she bid for the land as will pay the plaintiff's debt, and the Court will so direct and require.

There is error. To the end that further proceedings may be had in the action in accordance with this opinion, let the same be certified to the Superior Court.

Error.