M. E. BRASFIELD, Administratrix of J. S. BAILEY, v. W. C.
POWELL & CO.

*Agricultural Lien—Prior Mortgage—Trust.*

Where an owner of crops, having previously given to B a mortgage
thereon, executes to another an agricultural lien upon the
same crops, and the latter instrument recites that "there is
no encumbrance on said crop except that I am to pay B out
of crop $116 and interest, &c.," the lienee, by the acceptance
of the instrument with such provision, will be deemed a
trustee of the crop, or of the proceeds of its sale, to the
amount of B's debt.

CONTROVERSY submitted without action, in WAKE
Superior Court, and heard *at Chambers,* April 11, 1895,
before *Starbuck, J.,* who gave judgment for the plaintiff,
and defendants appealed. The facts appear in the opinion
of Associate Justice FURCHES.

*Messrs. Battle & Mordecai,* for plaintiff.
*Mr. R. O. Burton,* for defendants (appellants).

FURCHES, J.: This case comes before us from a judgment
upon a case agreed.

One Bailey, being indebted to plaintiff's intestate, exe-
cuted to him a mortgage on his crop, to be grown in 1894,
which was duly probated and registered on the 15th day
of January, 1894. Bailey, being indebted to defendants
to the amount of $126.19, and desiring to obtain advances
to the amount of $185 from defendants to enable him to
make and gather his crop for 1894, executed to defendants
an agricultural lien under the statute, upon his crop to be
grown in 1894, to the amount of $185. And in the same
instrument, a chattel mortgage on his crop and other
property, to secure the $126.19 of other indebtedness,

which was duly probated and registered on the 17th day of January, 1894.

It has been held that an agricultural lien for advances, properly registered under the statute, has priority over a prior registered mortgage. *Wooten* v. *Hill*, 98 N. C., 48. This would give defendants a priority in the crop to the extent of $185, but for the following clause contained in the instrument to defendants, to-wit, "There is no incumbrance on said personal property, and none on said crop, except that I am to pay J. S. Brasfield out of crop $116 and interest on same from December 25th, 1893."

Then there *is a lien on the crop to be paid out of the crop*, and the defendants accept this conveyance with this provision in it. And when they did so, they accepted it as trustees and are bound to carry out the trust.

Bailey says to defendants, 'I will give you a mortgage on my stock and other articles of property, and I will also give you a lien on my crop. But I owe Brasfield $116, which is now a lien on the crop and is to be paid out of the crop.'

This, in our opinion, is the same in effect as if Bailey had said, 'Brasfield's debt of $116 is first to be paid out of the crop and then your claim for advances.' *Hinton* v. *Leigh*, 102 N. C., 28. Defendants admit they have a sufficient fund in hand, arising from a sale of the crop, to pay plaintiff, but not enough to pay both plaintiff and defendants. There is no error.

No Error.