BANK v. VASS.

(Filed June 10, 1902.)

MORTGAGES—*Registration—Priority—Notice—Trusts.*

Where a trust deed is given to secure purchase-money for land and later a mortgage is given on the same land, which refers to the trust deed as a prior lien for purchase-money, and the mortgage is registered before the trust deed, the debt secured by the trust deed must be paid by the mortgagee from the proceeds of the sale of the land, but the mortgagee is entitled to the possession of the land.

ACTION by Commercial and Farmers' Bank of Raleigh and J. N. Holding, mortgagee to the use of said bank, against W. W. Vass, individually, and as trustee for others, heard by Judge *O. H. Allen,* at February Term, 1902, of the Superior Court of WAKE County.

This was a controversy submitted without action under Section 657 of The Code, upon the following case agreed:

1. That on the 26th day of December, 1888, A. C. Yates duly executed, acknowledged and delivered to J. N. Holding, trustee, a deed in trust on 239¾ acres of land, in Barton's Creek Township, Wake County, N. C., adjoining the lands of W. O. Allen, J. B. Allen, J. B. Davis, and others, and fully described by metes and bounds in said deed of trust, which was duly probated, filed and recorded in said county of Wake, in the Register's office thereof, in Book No. 105, at page 433; and which said deed in trust was probated and filed for registration in said Register's office on the 26th day of December, 1888, at 12:15 o'clock p. m.

That said deed in trust was executed to secure four notes named therein, which were executed by said Yates to J. N. Holding and Mrs. L. M. Brewer, amounting in the aggregate to $1,657.05, said aggregate being the balance of the purchase-money due said J. N. Holding and L. M. Brewer for said land, which had been shortly prior thereto conveyed by them to A. C. Yates, and subsequently thereto said J. N. Holding and L. M. Brewer, for value received, assigned to W. W. Vass, Sr., the father of the defendants, two of said notes, aggregating $1,000.00.

2. That on the said 26th day of December, 1888, said A. C. Yates, for value received, executed and delivered to J. N. Holding a deed of mortgage on the said 239¾ acres above described, which was duly probated, filed and recorded in the said Register's office of Wake County, in Book 105, at page 430, and which said deed of mortgage was probated and filed for registration on the 26th day of December, 1888, at 11:30 o'clock a. m., forty-five minutes prior to the probating and filing for registration the aforesaid deed in trust. Both of said papers were acknowledged before the Clerk of the Court by the grantor, Yates.

That said deed of mortgage was executed and delivered to secure the payment of two notes therein named, aggregating $585.00, and subsequently thereto said J. N. Holding, for value received, assigned to the plaintiff, the Commercial and Farmers' Bank, the two said notes secured by said deed of mortgage. The said deed of mortgage contains therein the following clause, following the description of said land, to-wit: "Said 239¾ acres is subject to a mortgage or deed in trust for about $1,650.00, balance of purchase-money on same," and also the following clause set out in the warranty clause contained in the said deed of mortgage, to-wit: "That the same are free from all incumbrances whatever, except as above stated."

3. That subsequently to the .... day of ........, 189.., at the request of W. W. Vass, the defendant herein, as executor of his deceased father, W. W. Vass, Sr., who then held the notes that had been previously assigned to W. W. Vass, Sr., and no part of the principal of which had been paid, said J. N. Holding, trustee, advertised and sold at public auction the said 239¾ acres of land, under the powers conveyed in said deed of trust, at which sale the defendant, W. W. Vass, for himself and as trustee, became the purchaser of the same, and said Holding, trustee, executed to him a deed therefor, which said deed has been duly probated and recorded in said Register's office, and is now in possession of said land by virtue of the said deed.

4. That no part of the principal of said notes assigned by said Holding to the said bank has been paid, said notes being still held by said bank, upon which several years' interest is due, and which said notes have passed maturity, and the said bank and said Holding, mortgagee, have demanded of the said Vass, individually and as trustee, the possession of the said land, which has been refused. That the said mortgage and deed of trust were both in the usual form, and both con-

tained the customary powers of sale, and the usual clauses of *habendum, tenendum* and warranty.

It is claimed by the plaintiffs that the mortgage under which they claim (which is referred to in paragraph two herein), having been first filed for registration, is entitled to priority over the deed in trust referred to in paragraph 1 herein; whereas, the defendant claims that the plaintiffs are not so entitled, and that he is the owner of said land free from said mortgage deed. But the parties to this submission of controversy without action, being desirous of having the said question of law involved therein speedily determined, and their respective rights and duties in the premises declared by the Court, do submit the foregoing facts agreed upon for the opinion, decision and judgment of the Court thereon, it being understood that the right of appeal from the judgment of the Court thereon is reserved. From a judgment for the plaintiffs, the defendant appealed.

*J. N. Holding,* for the plaintiffs.
*S. B. Shepherd,* for the defendant.

MONTGOMERY, J. The defendant by his deed from the trustee did not obtain title to the land conveyed therein, and he is not entitled to the possession of the same. The statute (Code, Sec. 1254) declares that "No deed of trust or mortgage for real or personal estate shall be valid at law to pass any property as against creditors or purchasers for a valuable consideration from the donor, bargainor or mortgagor, but from the registration of such deed of trust or mortgage in the county where the land lieth," etc. The mortgage having been registered first, by force of the registration laws, the title to the land vested in the mortgagee, the plaintiff. *Hinton v. Leigh,* 102 N. C., 28; *Brassfield v. Powell,* 117 N. C., 140. We are of the opinion, however, that the words of the mortgage, following the description, to-wit, "Said 239¾ acres is

subject to a mortgage or deed of trust for about $1,650 balance of purchase-money on same," and the words in the warranty clause, "that the same are free from all incumbrances whatever, except as above stated," constitute more than a bare notice of a former mortgage or deed of trust. We think those words establish a trust in equity in favor of defendant. for the security of the debt mentioned in the deed of trust upon the property, or the proceeds which may arise upon a sale of the same by the mortgage. And this benefit, as we have seen, is in no way derived by title acquired through the deed of trust, but it comes by virtue of the charge and trust set out in the mortgage. The amount of the debt is fixed with as much certainty as was that in the case of *Hinton v. Leigh, supra.* The creditor referred to in the mortgage, if not actually named can be certainly identified, because, in the mortgage, the debt is said to be due for the purchase-money of the land. The vendor, or his assignee, could certainly be found. And the words "that the same are free from all incumbrances whatever, except as above stated," clearly demonstrate that the land was conveyed by the mortgage in subordination to a charge in favor of the vendor, to the extent of what was due for the purchase-money of the land.

We think, therefore, that there was error in the judgment, and that a judgment should have been rendered that the defendant was not entitled to the possession of the land under the deed of trust, and instructing and requiring J. N. Holding, the plaintiff mortgagee, to sell the land described in the mortgage under the terms and requirements of that instrument, and with the proceeds of the sale to pay, first, the debt due to the defendant, after having paid the expenses of sale, including his commissions, and the balance, if any, should remain to the other plaintiff, the Commercial and Farmers Bank, of Raleigh, North Carolina.

Reversed.