THE CLEVELAND-CANTON SPRINGS COMPANY v. THE GOLDS-
BORO BUGGY COMPANY.

(Filed 28 October, 1908.)

**Contracts, Breach of—Measure of Damages—Matters in Diminution—
Pleadings—Burden of Proof.**

When it is established that defendant contracted with plain-
tiff for the latter to furnish special goods to be manufactured,
and the defendant has wrongfully refused to take them, the dam-
ages sustained by the plaintiff is the difference between what it
would have cost the plaintiff to carry out its part of the contract
and the contract price, in the absence of averment and proof by
defendant of any fact in diminution of the damages, the burden
being on defendant.

Action heard before *Guion, J.*, and a jury, at June (Spe-
cial) Term, 1908, of Wayne.
    Defendant appealed.

*W. C. Munroe* for plaintiff.
*W. S. O'B. Robinson* and *Aycock & Daniels* for defendant.

Clark, C. J.   The defendant contracted with the plaintiff
to take certain springs to be manufactured by the plaintiff
at a given price, and after taking a small portion of each
order refused to take the remainder.   The springs were to
be manufactured by the plaintiff in accordance with the order
of the defendant.   The only exception of the defendant is
to the charge of the Judge, to the effect that the measure of
plaintiff's damages was the difference between what it would

have cost the plaintiff to carry out its part of the contract and the contract price. This is correct, nothing else appearing. *Williams v. Lumber Co.,* 118 N. C., 937; *Oldham v. Kerchner,* 81 N. C., 430; *Hinckley v. Steel Co.,* 121 U. S., 275.

If the defendant had intended to rely upon the fact that the plaintiff could not have complied with its part of the contract, or that it was otherwise profitably employed during the time it would have been engaged in filling the defendant's order, or that it could have sold such of the articles as it did manufacture for as high a price as the defendant agreed to pay, or any other matter in mitigation of damages, it should have set up the same in its answer, for such defenses must be pleaded. *Oldham v. Kerchner, supra,* where this point is fully discussed; *Lumber Co. v. Iron Works,* 130 N. C., 584.

In *Lumber Co. v. Iron Works,* 130 N. C., 590, the Court says: "It may be that the plaintiffs were profitably employed all the while, and really performed other work which was more remunerative than would have been the profits on those crates, which they could not have done had the rollers been duly repaired and delivered to them; or, for the want of repaired rollers, they may have been unemployed wholly or in part, with their laborers on their hands at an expense and with their machinery idle and deteriorating in value." But as to this the pleadings are silent, and we must rule upon the questions as presented to us by the record.

In Current Law, 848, it is said: "What the servant earned or could have earned in the meantime is a matter of defense, and should be pleaded in mitigation of damages; and the employer has the burden of showing that other and profitable employment than that in which plaintiff in fact engaged, in order to reduce the damages, had been offered and declined, or might have been found." This authority cites *Latimer v. Cotton Mills,* 66 S. C., 135, which sustains the text. Besides, the defendant introduced no evidence, and

the testimony for the plaintiffs is uncontradicted, that the output of their shops was reduced by the amount of defendant's order.

If the plaintiff did or could have reduced its loss by selling the goods to others, it was its duty to do so; but the burden was upon the defendant to allege and prove this fact in mitigation of damages. *Oldham v. Kerchner, supra.* It was in default by its breach of contract, and liable for the difference, under the rule laid down by the court, unless it alleged and proved facts in mitigation.

No Error.