Defendant appealed. *Page 398 
The defendant contracted with the plaintiff to take certain springs to be manufactured by the plaintiff at a given price, and after taking a small portion of each order refused to take the remainder. The springs were to be manufactured by the plaintiff in accordance with the order of the defendant. The only exception of the defendant is to the charge of the Judge, to the effect that the measure of plaintiff's damages was the difference between what it would have cost the (534) plaintiff to carry out its part of the contract and the contract price. This is correct, nothing else appearing. Williams v.Lumber Co., 118 N.C. 937; Oldham v. Kerchner, 81 N.C. 430; Hinckleyv. Steel Co., 121 U.S. 275.
If the defendant had intended to rely upon the fact that the plaintiff could not have complied with its part of the contract or that was otherwise profitably employed during the time it would have been engaged in filling the defendant's order, or that it could have sold such of the articles as it did manufacture for as high a price as the defendant agreed to pay, or any other matter in mitigation of damages, it should have set up the same in its answer, for such defenses must be pleaded. Oldham v. Kerchner,supra, where this point is fully discussed; Lumber Co. v. Iron Works,130 N.C. 584.
In Lumber Co. v. Iron Works, 130 N.C. 590, the Court says: "It may be that the plaintiffs were profitably employed all the while, and really performed other work which was more remunerative than would have been the profits on those crates, which they could not have done had the rollers been duly repaired and delivered to them; or, for the want of repaired rollers, they may have been unemployed wholly or in part, with their laborers in their hands at an expense and with their machinery idle and deteriorating in value." But as to this the pleadings are silent, and we must rule upon the question as presented to us by the record.
In current Law, 848, it is said: "What the servant earned or could have earned in the meantime is a matter of defense, and should be pleaded in mitigation of damages; and the employer has the burden of showing that other and profitable employment than that in which plaintiff in fact engaged, in order to reduce the damages, had been offered and declined, or might have been found." This authority cites Latimer v. Cotton Mills, 66 S.C. 135, which sustains the text. Besides, the defendant (535) introduced no evidence, and the testimony for the plaintiffs is uncontradicted, that the output of their shops was reduced by the amount of defendant's order. *Page 399 
If the plaintiff did or could have reduced its loss by selling the goods to others, it was its duty to do so; but the burden was upon the defendant to allege and prove this fact in mitigation of damages. Oldham v. Kerchner,supra. It was in default by its breach of contract, and liable for the difference, under the rule laid down by the court, unless it alleged and proved facts in mitigation.
No error.