AVERY COUNTY BANK, S. G. SMITH, AND G. L. TUTTLE v. C. W. SMITH, A. S. ABERNATHY, AND F. A. ABERNATHY, TRADING AS A. S. ABERNATHY & SON.

(Filed 12 December, 1923.)

1. **Mortgages — Subject to Prior Mortgage — Registration — Statutes — Notice.**

   A chattel mortgage stating that it was made subject to a prior mortgage on the same property to secure the payment of a certain sum of money is, by its express terms, in recognition of the existing prior mortgage, and only purporting to convey the mortgaged property to that extent, does not require registration of the prior mortgage, or the notice therein required by statute (C. S., sec. 3311), to make the obligation more effective between the parties to the agreement and the prior encumbrancer.

2. **Same—Instructions—Appeal and Error.**

   Where a chattel mortgage is given and accepted subject to a prior mortgage, an instruction in an action thereon that makes registration of the first mortgage in the proper county necessary to the enforcement of the condition upon which the later mortgage was given, is reversible error.

3. **Instructions—Prayers for Instructions—Rules of Court—Appeal and Error.**

   It is within the sound discretion of the trial judge to give or refuse a prayer for special instruction not signed by the attorneys tendering it as required by the statute. C. S., sec. 565.

4. **Appeal and Error—Briefs—Rules of Court.**

   Exceptions not embraced in the brief of appellant, or where the brief does not conform to the rules of court regulating appeals, will be deemed as abandoned. Rule 28, 185 N. C., 798.

APPEAL by defendants, interveners, A. S. Abernathy & Son, from *Ray, J.,* at April Term, 1923, of AVERY.

This was a civil action commenced by the plaintiffs against C. W. Smith for the recovery of $353.75, note dated 23 December, 1920, and due 23 March, 1921, with interest, the note payable to plaintiffs S. G. Smith and C. L. Tuttle, and by them transferred to the Avery County Bank. The note was secured by a chattel mortgage of even date, recorded in Avery County in Book No. 3, p. 232, on the following personal property, viz.: "1 pair of bay mares, 5 years old, known as the Abernathy mares; 1 brown horse, 8 years old; 1 black horse, 8 years old; 1 bay horse, 9 years old, and 1 sorrel horse, 10 years old."

The plaintiffs sued out the ancillary remedy of claim and delivery, gave bond, and took possession of the above-described property. The defendants, A. S. Abernathy & Son, filed in the suit an interpleader, gave bond, and the property was turned over to the interveners, J. D.

Braswell, sheriff of Avery County, making the following return: "The said E. C. Guy (agent of Avery County Bank) delivered to me the said horses, and they were turned over to the said A. S. Abernathy & Son."

In the interpleader of A. S. Abernathy & Son they allege that they claim a superior right to that of the plaintiffs to the following personal property: "1 pair of bay mares, known as the Abernathy mares, now about 6½ and 7½ years of age, and 1 black horse, now about 8½ years old, by virtue of a chattel mortgage executed to them by the said C. W. Smith on 7 December and registered on 9 December, 1920, in Burke County, N. C. Said mortgage was given to secure the purchase of a part of said property (with other described in said mortgage), which said property was sold to the said C. W. Smith by your petitioners; and that there is now due and owing to your petitioners by the said C. W. Smith, as the balance of the said purchase price thereof, the sum of $562.50, with interest from 7 December, 1920."

The interpleader further alleged: "That at the time of the sale of the said property to the said C. W. Smith, as aforesaid, and the execution and registration of said mortgage to secure said purchase price as aforesaid, the said C. W. Smith was residing and working in Burke County, N. C., and kept said property there."

On the trial of the cause in the court below there was a dispute as to which county C. W. Smith was a "resident" of, bearing on the question as to which county the chattel mortgage should be registered in. Evidence was introduced by plaintiffs and interveners to show which county he lived in. The contentions, taken from the court's charge, is as follows: The plaintiffs contend "that the mortgagor, Smith, was a resident of this (Avery) county; that he lived in Avery for a number of years; lived in what is called the 'Lost Cove' section, owning considerable property," etc.

The interveners contend: "He declared that he was a citizen of Burke County, and argues to you extensively that as a moral matter that it would not be right to allow the plaintiff to prevail in this action, for that in the mortgage made by the defendant Smith to the plaintiff bank that it was recited in said mortgage that the mortgage made to it was subject to a prior mortgage on the same property, to secure the payment of a certain amount due A. S. Abernathy & Son, and contends this was notice to the plaintiff that there was a mortgage made prior to the conveyance of the property to the bank to secure the debt."

Both chattel mortgages were introduced in evidence.

The chattel mortgage given by C. W. Smith to S. G. Smith and C. L. Tuttle, plaintiffs, and transferred by them to plaintiff bank, which conveyed the property in controversy, has, after the description of the property, this provision: *"This mortgage is made subject to a prior*

BANK *v.* SMITH.

*mortgage on same property to secure the payment of $448 due A. S. Abernathy."* (Italics ours.)

The chattel mortgage given by C. W. Smith to defendants A. S. Abernathy & Son has this provision: "I, C. W. Smith, of the county of Burke, in the State of North Carolina, am indebted to A. S. Abernathy & Son, of Catawba County, in said State, in the sum of five hundred and sixty-two and 50-100 dollars, for which they hold my notes to be due on 7 June, 1921, and 1 November, 1921; and to secure the payment of the same I do hereby convey to him these articles of personal property, to wit: One pr. bay mares, 5 and 6 years old, weighing about 1,250 lbs. each; one 2,500 lbs. Spach wagon, two sets double harness with collars, lines and bridles, all this day bought of them; one brown horse, eight years old, one black horse, seven years old, weighing 1,230 lbs. and 1,240 lbs. It is agreed that if I pay $281.25 7 June, 1921, I am to pay balance 1 November, 1921."

Without objection, the defendant C. W. Smith testified: "When I gave the mortgage that the Avery County Bank is suing on, I told them I had given a mortgage to Mr. Abernathy."

Without objection, S. L. Shell, a witness for interveners, testified: "I live at Hickory; am employed by A. S. Abernathy & Son, a partnership consisting of A. S. and F. A. Abernathy. I trade in horses and mules and cattle for them. I know C. W. Smith. He is indebted to A. S. Abernathy & Son, according to the notes, in the sum of four hundred and some odd dollars, I think about $80; something along there. These instruments are the notes secured by the mortgage, each one being for $281.25, and there is unpaid on the two notes four hundred and eighty some dollars. The credits on here appear, it looks like, for the sale of some of this stock. I can't say from my own knowledge. The property taken by the interveners under the bond filed herein are not at the barn; they have been sold, and the amounts realized from the sale of that stock have been credited on those notes."

The interveners, A. S. Abernathy & Son, in due time requested the following special instructions to the jury:

"If you shall find from the evidence that the property taken from the plaintiffs by interveners was property covered by defendant's mortgage to interveners, dated 7 December, 1920, and that the mortgage given plaintiffs by defendant, dated 23 December, 1920, was made subject to the prior mortgage given interveners by the defendant, then you shall find that the interveners are the owners and entitled to possession of said property." This the court refused to give, assigning as a reason therefor that it was not signed by counsel. To the refusal to give the above instruction the interveners, A. S. Abernathy & Son, excepted. This was the interveners' fourth exception.

The court below charged the jury as follows: "So it comes down to this question, there is no dispute, and the court charges you that this reservation in this second mortgage is not notice to the plaintiff of the prior conveyance to Abernathy—so it comes down to this question of fact: Was Smith a resident of Burke County at the time of making the mortgage to Abernathy & Son? If he was, the mortgage was properly registered there, and the property can be held under that mortgage anywhere in the State it may be found; but if he was not a resident of Burke County, and the plaintiff contends he was not and the interveners contend that he was, if he was not such resident, then the registration there would be a nullity, and the registration here would prevail, and the plaintiff would have the right to have the issue answered yes, that he was a resident of Avery County."

The interveners, A. S. Abernathy & Son, excepted to the above charge, which was their fourteenth exception.

The issues submitted to the jury were as follows:

"1. What amount, if any, is the defendant, C. W. Smith, indebted to plaintiff? Answer: '$353.75, with interest from 23 March, 1921.'

"2. Was the defendant Smith a resident of Avery County at the time of making the mortgage to Abernathy & Son, and has he continued such residence? Answer: 'Yes.'

"3. Is the intervener the owner of the property described in the mortgage from C. W. Smith to Abernathy & Son? No answer."

The court below gave judgment on the verdict against the defendant, C. W. Smith, for $353.75 and interest from 23 March, 1921, and judgment against the interveners, A. S. Abernathy & Son, as follows: "And it further appearing to the court that at the date of the execution of the promissory note offered in evidence by the plaintiff that the defendant C. W. Smith, in order to secure the prompt and faithful payment of said note, executed to the plaintiff's assignors a certain chattel mortgage on the property described in the plaintiff's affidavit filed in its action of claim and delivery, and that said plaintiff, in order to enforce the payment of said note, had advertised the said property for sale under the power of sale contained in said chattel mortgage, and has caused claim and delivery proceedings to be instituted against the defendant C. W. Smith and delivered to the plaintiff for the purpose of sale. And it further appearing to the court that prior to the day of sale of said property the interveners, A. S. Abernathy & Son, intervened in said action and set up claim of title to said property, and upon giving the bond required by law in the sum of $1,200, signed by A. S. Abernathy & Son, F. A. Abernathy, S. L. Shell and J. F. Abernathy, as sureties; and it further appearing to the court that, upon the filing of said bond before the clerk of the Superior Court of Avery County,

the said property was taken from the possession of the plaintiff and delivered to said interveners, and that said property has been removed from the county of Avery and converted by the interveners: It is considered, ordered and adjudged by the court that the said plaintiff recover of the interveners, A. S. Abernathy & Son, and the sureties on their detention bond the sum of $1,200, according to the tenor and condition of the detention bond filed in said action, the said bond of said interveners and the sureties paying into court $353.75, with interest thereon from 23 March, 1920, together with all the costs and expenses incurred by the plaintiff in taking and keeping of said property described in the affidavit of the plaintiff in the sum of $91.20, as shown by itemized statement, and costs of this action, to be taxed by the clerk." The signing of the judgment is the interveners' nineteenth exception.

In the brief of the interveners, appellants, there are eleven assignments of error. The fourth exception in the record is not considered in the brief of the interveners, appellants, as one of the assignments of error.

The brief of interveners, appellants, consider, in their assignments of error, exception 14 in the record under 8th assignment of error and exception 19 of the record (the signing of the judgment) under their 11th assignment of error.

We do not think for a decision of this case any other assignments of error are necessary to be considered.

*R. W. Wall and Love & Lowe for plaintiffs.*
*J. W. Ragland and Self, Bagby & Aiken for interveners.*

CLARKSON, J. The fourth exception by interveners, the appellants, is as follows: "The interveners, A. S. Abernathy & Son, in due time requested the following special instructions to the jury: 'If you shall find from the evidence that the property taken from the plaintiffs by interveners was properly covered by defendant's mortgage to interveners, dated 7 December, 1920, and that the mortgage given plaintiffs by defendant, dated 23 December, 1920, was made subject to the prior mortgage given interveners by the defendant, then you shall find that the interveners are the owners and entitled to possession of said property.' " The court declined to give this prayer for instruction, assigning as a reason therefor that it was not signed by counsel. This was in the sound discretion of the court below.

"Counsel praying of the judge instructions to the jury must put their requests in writing entitled of the cause, and sign them; otherwise the judge may disregard them. They must be filed with the clerk as a part of the record." C. S., 565; *Pritchett v. R. R.,* 157 N. C., 88.

The fourth exception is deemed abandoned. "The brief of appellant shall set forth a succinct statement of the facts necessary for understanding the exceptions, except as to an exception that there was no evidence, it shall be sufficient to refer to pages of printed transcript containing the evidence. Such brief shall contain, properly numbered, the several grounds of exception and assignments of error, with reference to printed pages of transcript, and the authorities relied on classified under each assignment; and if statutes are material, the same shall be cited by the book, chapter, and section. Exceptions in the record not set out in appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned by him. Such briefs when filed shall be noted by the clerk on the docket, and a copy thereof furnished by him to opposite counsel on application." Rules of Practice in Supreme Court, part of Rule 28 (185 N. C., 798).

The contention is considered later under the eighth assignment of error, exception 14 of the record.

The plaintiffs in their brief succinctly state the real contentions in the case. "As the mortgage held by plaintiff was registered in Avery County, where the mortgagor resided, and the interveners' mortgage was registered in Burke County, where the mortgagor, C. W. Smith, was temporarily engaged on a logging contract, there are only two points involved in the case: (1) whether the plaintiffs are protected by the registration of their mortgage in the county where the mortgagor resided and had his home; (2) whether this clause in the mortgage executed by the mortgagor to plaintiff at a later date, "This mortgage is made subject to a prior mortgage on same property to secure the payment of $448 due A. S. Abernathy," created a lien in favor of the interveners, "A. S. Abernathy & Son."

The first contention need not be considered, in view of the position taken by the court in this case.

The second contention is to the charge of the court as to the legal effect of the clause in the mortgage to S. G. Smith and C. L. Tuttle, which reads as follows: "This mortgage is made subject to a prior mortgage on same property to secure the payment of $448 due A. S. Abernathy."

The interveners, under their eighth assignment of error in their brief, to the fourteenth exception in the record, is entitled to have this matter passed on, as the court below charged the jury as a matter of law: "So it comes down to this question, there is no dispute, and the court charges you that this reservation in the second mortgage is not notice to the plaintiff of the prior conveyance to Abernathy." We think the court below erred in the charge.

The mortgage given to S. G. Smith and C. L. Tuttle, which was assigned to Avery County Bank, was made "subject to a prior mortgage," etc. Webster defines the word "subject" to mean "to bring under control, power or dominion; to make subject; to subordinate; to subdue." This means more than a mere notice to protect the mortgagor (C. W. Smith) of conveying mortgaged property or incurring liability by giving a mortgage to plaintiffs S. G. Smith and C. L. Tuttle, when there was an existing lien on the property. The language means what it says, that the Smith and Tuttle chattel mortgage is subject to, brought under control of, subordinate to, a prior mortgage on the same property to secure the payment of $448 due A. S. Abernathy. It is contended by plaintiffs that the mortgage would give notice that only A. S. Abernathy held a mortgage, whereas there was a prior mortgage to A. S. Abernathy & Son. We think this immaterial from the facts in this case. Without objection, the defendant C. W. Smith testified: "When I gave the mortgage that the Avery County Bank is suing on I told them that I had given a mortgage to Mr. Abernathy." The plaintiffs were not misled. In fact, S. L. Shell, witness for interveners, testified, without objection, "He is indebted to A. S. Abernathy & Son according to the notes"; without objection he stated the ownership of the notes and amount due on same. If the ownership and amount were material, the plaintiffs should have objected to Shell's testimony as varying or adding to a written matter. It will be noted that the mortgage which plaintiffs claim under states, in the description, "1 pair of bay mares, 5 years old, known as the Abernathy mares." The clear intention of the parties, from all the evidence, is that the plaintiffs S. G. Smith and C. L. Tuttle took the second mortgage from C. W. Smith subject to the Abernathy mortgage.

Where the registration of an instrument is required, no notice to purchaser, however full and formal, will supply the place of registration. "No deed of trust or mortgage for real or personal estate shall be valid at law to pass any property as against creditors or purchasers for a valuable consideration from the donor, bargainor or mortgagor, but from the registration of such deed of trust or mortgage in the county where the land lies; or in case of personal estate, where the donor, bargainor or mortgagor resides; or in case the donor, bargainor, or mortgagor resides out of the State, then in the county where the said personal estate, or some part of the same, is situated; or in case of choses in action, where the donee, bargainee or mortgagee resides. For the purposes mentioned in this section the principal place of business of a domestic corporation is its residence." C. S., 3311. See *Door Co. v. Joyner,* 182 N. C., 521; *Fertilizer Co. v. Lane,* 173 N. C., 184; *Tremaine v. Williams,* 144 N. C., 116, and cases cited.

41—186

In the instant case this language was more than actual notice. It was an agreement between C. W. Smith, the maker of the chattel mortgage, and S. G. Smith and C. L. Tuttle, the plaintiffs, that what right and title they obtained to the personal property mortgaged to them was subject to the Abernathy mortgage. *"This mortgage is made subject to a prior mortgage on same property to secure the payment of $448 due A. S. Abernathy."*

The present case is in all respects similar to *Bank v. Vass,* 130 N. C., 592. In that case, following the description in the mortgage, was this clause: *"Said 239¾ acres is subject to a mortgage or deed in trust for about $1,650, balance of purchase-money on land."* (Italics ours.) *Montgomery, J.,* said: "We think those words establish a trust in equity in favor of defendant for the security of the debt mentioned in the deed of trust upon the property, or the proceeds which may arise upon a sale of the same by the mortgage. And this benefit, as we have seen, is in no way derived by title acquired through the deed of trust, but it comes by virtue of the charge and trust set out in the mortgage." *Hinton v. Leigh,* 102 N. C., 28; *Brassfield v. Powell,* 117 N. C., 141; *Bank v. Redwine,* 171 N. C., 569.

We do not think that the facts in the case of *Piano Co. v. Spruill,* 150 N. C., 168, applicable to this case. In that case the words (in the mortgage to Spruill & Bro.) was "clear of all encumbrances except $115 due the piano company." This language was held merely notice to avoid any charge against the mortgagor of conveying mortgaged property or incurring liability to the grantees for removal by them of the encumbrances.

We think that in *Blacknall v. Hancock,* 182 N. C., 373, *Hoke, J.,* draws the right distinction. He says there: "Again, it is insisted that plaintiff's claim to the extent of the purchase-money debt paid to the Edwards heirs should be held superior because the deed of trust under which defendant claims is in recognition of the Edwards lien, and under the principle approved in *Hinton v. Leigh,* 102 N. C., 28, but on the facts presented, this exception also must be overruled. In *Hinton v. Leigh, supra,* the Court held that the claim under a later registered mortgage should be preferred to claims secured by a subsequent deed of trust, but which had been first registered, but this was on the ground that by correct interpretation the deed of trust fully recognized the validity of the mortgage and conveyed the land to the trustee only as subject to the mortgage lien. But the position does not prevail from the fact that in the instant case the deed of trust to defendant in the covenant against encumbrances merely excepts the claim then existent in favor of the Edwards heirs. The present case comes clearly within *Piano Co. v. Spruill,* 150 N. C., 168, and that class of cases which hold

that a mere reference to the existence of a prior encumbrance does not recognize its validity as a superior lien except as it may comply with requirements of our registration laws."

For the reasons given, there was error in the court's charge. The eleventh assignment of error, nineteenth exception in the record, was to the court signing the judgment. From the view taken of this cause, there was error in the judgment as rendered so far as it applied to the interveners.

For the reasons pointed out, there must be a

New trial.