**Matter of James Harold COBLE, Trading and Doing Business as Harold's (Restaurant), Bankrupt.**

**No. B-15-59.**

United States District Court
Middle District North Carolina.

Oct. 9, 1959.

Falk, Carruthers & Roth, Greensboro, N. C., for Mickel-Hopkins Co., Inc., petitioner.

William L. Osteen, Greensboro, N. C., for Jordan J. Frassineti, Trustee in Bankruptcy for James Harold Coble, trading and doing business as Harold's (Restaurant), respondent.

STANLEY, District Judge.

This matter comes before the court on petition of Mickel-Hopkins Company, Inc., for review of an order of the Referee in Bankruptcy, dated June 2, 1959, denying the validity of an asserted lien.

On April 15, 1959, James Harold Coble, trading and doing business as Harold's (Restaurant), filed a voluntary petition for bankruptcy, and was adjudicated a bankrupt on the same date. Thereafter, Jordan J. Frassineti was duly appointed trustee in bankruptcy.

During the month of November, 1957, the bankrupt opened a new restaurant in the Friendly Shopping Center, Greensboro, North Carolina. He purchased practically all the restaurant fixtures and equipment from Mickel-Hopkins Company, Inc., the petitioner, for a total purchase price in excess of $60,000. The sale was evidenced by a written instrument dated November 25, 1957, and recorded in the office of the Register of Deeds of Guilford County, North Carolina, on November 26, 1957. The fixtures and equipment were in the possession of and being used by the bankrupt at the time he filed his voluntary petition, at which time there was an unpaid balance on the purchase price of approximately $48,000, including interest.

The petitioner asserts that the recorded instrument evidencing the sale of the fixtures and equipment constitutes a valid conditional sales contract, and that it had a valid and subsisting lien on the fixtures and equipment securing the unpaid balance of the purchase price at the time of the bankruptcy. The trustee, on the other hand, denies that the written instrument constitutes either a valid conditional sales contract or chattel mortgage, and claims title to the fixtures and equipment free of any claims of the petitioner by reason of the execution of said instrument. The referee decided that the written instrument did not constitute security of any kind, and that the trustee held the property free of any lien by reason of said instrument.

The petitioner commonly used its printed conditional sales agreement in connection with the sale of restaurant fixtures and equipment. However, the blank space on the standard contract form designed for insertion of the description of merchandise sold was of insufficient size to describe the merchandise sold the bankrupt. To solve this problem, an employee of the petitioner put together parts of several printed forms through the use of scissors and scotch tape, which resulted in one continuous sheet almost three feet long. The written document as thus prepared by the petitioner, signed by the parties, and recorded, is as follows:

"North Carolina,
 Guilford County

"This Agreement, made this the 25 day of November, 1957, by and between Mickel-Hopkins Co., Inc., hereinafter called seller, and J. Harold Coble & Blanche L. Coble t/a Harold's, Permanent address, No. Friendly Shopping Center—Greensboro, N. C., street or avenue, of the county and state aforesaid, hereinafter called purchaser.

"Witnesseth, That seller agrees to sell and the purchaser agrees to buy the following articles, viz, and deliver to ————."

(Here is inserted a description of the numerous items of fixtures and equipment covered by the agreement).

After the description, the following typewritten statement, and signatures, appear:

"The said purchaser acknowledges the receipt of the above described property and agrees in consideration of the delivery thereof to pay the seller the sum of $5,000.00 cash and $5,000.00 to be paid as agreed as a down payment and $1,439.04 on the 25th day of each and every month from the date hereof for a period of 12 months, at which time the entire balance of $53,562.51 will be due and payable. It is agreed that of the said monthly payments, $1,166.-16 is to be applied to the principal sum due on this conditional contract, and the balance of $272.88 is to be applied to carrying charges on the purchase price.

"Mickel-Hopkins Co., Inc.

"By (S) S. C. Hopkins (Seal)

"(S) J. Harold Coble (Seal)

Purchaser Sign Here

"(S) Blanche L. Coble (Seal)

Purchaser Sign Here

"t/a Harold's

"Witness:

"(S) Robert S. Pinch"

The above constitutes the entire agreement between the parties. The printed contract form commonly used by the petitioner contained a provision for the retention of title in the seller until the purchase price was fully paid, but this provision was completely covered, through the use of scotch tape, by the typed statement following the description. A strip of scotch tape was used at both the top and bottom of the paper upon which the statement was typed, thereby completely covering the printed title retention provisions of the contract.

When the instrument was recorded, it was indexed in both the grantor and grantee indexes of chattel mortgages. The bankrupt and his wife were designated as the grantors and the petitioner was designated as the grantee. The consideration was also shown. The procedure followed in recording and indexing the instrument was the same as the procedure followed in recording and indexing conditional sales contracts. Even though bills of sale are not required to be recorded, if they are recorded, they are recorded with the seller being designated the grantor and the purchaser being designated the grantee. The indexing is done in the office of the Register of Deeds as a routine matter, and there is no attempt to make a judicial determination of what the instrument is. In his schedule of assets and liabilities, the bankrupt listed the debt in question as a secured claim.

The above facts are not in dispute. The only dispute between the parties, and the single issue presented to the court for determination, is whether or not the written instrument, as recorded, is legally sufficient to constitute a lien upon the articles of personal property therein described.

 The trustee in bankruptcy occupies the position of a creditor with a perfected lien as of the date of the bankruptcy. Sec. 70, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. c; M. & J. Finance Corporation v. Hodges, 1949, 230 N.C. 580, 55 S.E.2d 201. Under the laws of the State of North Carolina, conditional sales contracts, like chattel mortgages, must be recorded in order to be valid against lien creditors or purchasers for value.[1] Observer Company v. Little, 1917, 175 N.C. 42, 94 S.E. 526; John Hetherington & Sons v. Rudisill, 4 Cir.,

---

1. G.S. § 47–20. *"Deeds of trust, mortgages and conditional sales contracts; effect of registration.*—No deed of trust or mortgage of real or personal property, or conditional sales contract of personal property in which the title is retained by the vendor, shall be valid to pass any property as against lien creditors or purchasers for a valuable consideration from the grantor, mortgagor or conditional sales vendee, but from the time of registration thereof as provided in this article."

1928, 28 F.2d 713, 62 A.L.R. 377. No notice, however full, will take the place of registration. Lawson v. Key, 1930, 199 N.C. 664, 155 S.E. 570.

■ It is clear that if the instrument in question constitutes a security transaction, it was intended to be and is a conditional sales contract rather than a chattel mortgage. While the two instruments are alike in the sense that neither is required to be in any particular form to constitute a lien, and mere informality will not defeat the purpose of either, yet the words in both must clearly indicate the creation of a lien and meet certain other minimum requirements. Harris v. Jones, 1880, 83 N.C. 317; Britt v. Harrell, 1890, 105 N. C. 10, 10 S.E. 902; Grier v. Weldon, 1934, 205 N.C. 575, 172 S.E. 200. Whether the instrument in question, as shown by the language used by the parties, constitutes a conditional sales contract or security of any kind is a question of law to be determined by the court. Britt v. Harrell, 1890, 105 N.C. 10, 10 S.E. 902; Comron v. Standland, 1889, 103 N.C. 207, 9 S.E. 317. While the intention of the parties is to be considered, it is not the province of the court to alter a contract by construction, or to make a new contract for the parties. Courts are confined to the "interpretation of the contract which the parties have made for themselves, without regard to its wisdom or folly." 78 C.J.S. Sales § 567. The parties cannot, by giving a name to an instrument, change its legal effect. Guy v. Bullard, 1919, 178 N.C. 228, 229, 100 S.E. 328.

■ Generally, in order to constitute a valid conditional sales contract, it is necessary that the contract specifically, or by just implication, reserve title in the vendor, impose an obligation on the vendee to accept and pay for the property in accordance with the terms of the contract, and provide for the passing of title automatically on the performance of the conditions imposed upon the vendee. 47 Am.Jur., Sales, § 828; 78 C.J.S. Sales § 553 et seq.

■ We now turn to an examination of the instrument in question to determine whether or not it is one of conditional sale or one of a different character. It is obvious that there is only one word in the instrument that could distinguish it from a contract of absolute sale. In the last sentence of the typewritten statement appearing after the description, the phrase "this *conditional* contract" is used. Counsel for the petitioner concede that if the word "conditional" had not appeared in the instrument, same would have been one of absolute sale rather than of conditional sale. The petitioner contends, however, that this one word is sufficient to put any person examining the instrument upon reasonable inquiry as to whether or not the instrument was intended to be a security instrument, and that such inquiry would have disclosed the intentions of the parties to execute a security instrument, and this alone would be sufficient to constitute a valid conditional sales contract. There is no merit to this contention. The word "conditional," in the context used, is merely descriptive of the instrument. There is no reservation of the title in the vendor, either in express terms or reasonable implication, and there is no provision for the passing of title upon the performance of any condition.

All that can fairly be said about the instrument is that it discloses the intention of the petitioner to sell, and the intention of the bankrupt to purchase, certain described articles of personal property, and fixes the purchase price and method of payment. The title retention provision in the printed contract normally used by the petitioner was completely covered, either intentionally or through inadvertence, and nothing appears in the instrument, as signed by the parties and recorded, which either reserves title in the seller or creates any other type of security instrument. The instrument is one of absolute sale upon its face. In that shape it was spread upon the public record for the public to see. Even if the parties intended the instrument to be one of security, it was so framed that the

truth was reserved only to themselves. It is too late now to disclose the truth.

In view of what has been said, it is concluded that the instrument as record-ed does not constitute a conditional sales contract or security of any kind, that the trustee in bankruptcy is entitled to the property free of any claims by reason of the execution of said instrument, and that the findings and conclusions of the referee should be affirmed.

Counsel for the trustee will present a decree in conformity with this opinion.