Price v. Hart.

PRICE, Appellant, v. HART *et al.*, Respondents.

1. Where delivery of possession of land in case of a parol contract of sale has unequivocal reference to such contract and is under and by virtue of it, this will constitute such part performance thereof as will take the case out of the statute of frauds.
2. Where a deed of a married woman is invalid by reason of a defective acknowledgment, she may ratify and confirm the same after becoming discovert; a mere parol adoption would not be sufficient; it would be within the statute of frauds.

*Appeal from Monroe Circuit Court.*

This was a suit commenced in the year 1855 by Miriam Price against the defendants as the heirs of Mrs. Mahala Collins. The facts of the case are briefly as follows: Mr. and Mrs. Collins, in 1853, sold certain lands belonging to Mrs. Collins to the plaintiff Miriam Price. They executed a deed of conveyance dated February 24, 1853, in favor of plaintiff; who was admitted immediately into possession. She gave her notes for the purchase money. Mr. Collins soon after died. The deed executed by Mr. and Mrs. Collins was ineffectual by reason of a defective acknowledgment on the part of the wife. The defect was not discovered until after the death of Mr. Collins. There was evidence showing that in 1854, after the death of her husband, Mrs. Collins assented to the sale, expressed her entire satisfaction with it if the money could be secured to her own children, and promised to execute a deed to Mrs. Price. Mrs. Collins died in 1855 before the institution of this suit. After her death the purchase money due was paid to her administrator. The court decreed against the plaintiff on the ground that the contract being in writing was within the statute of frauds.

*Carr*, for appellant.

I. The deed of Mrs. Collins, though defectively acknowledged, is a sufficient note in writing within the statute of frauds. She adopted this deed after the death of her husband, and it became a sufficient memorandum or note in

writing. (10 Mo. 263; 15 Mo. 369.) The delivery of possession, making lasting improvements, and the payment of the purchase money, are sufficient to entitle the plaintiff to a decree of title. (15 Mo. 369; 25 Mo. 63; 23 Mo. 423; 21 Mo. 331; 19 Ala. 481; Browne on Stat. of Frauds, 482.)

NAPTON, Judge, delivered the opinion of the court.

There are difficulties in allowing Mrs. Collins' conversation with the plaintiff in 1854 to set up the deed, executed in 1853, as a sufficient memorandum in writing within the statute of frauds. That deed, not having been acknowledged according to law, had no validity as a deed against Mrs. Collins, and, as a contract, could not bind her, as she was at the time of its execution *feme covert*. Although a nullity in the law, it had however a physical existence; and as it contained a distinct account of the sale of the land, a minute description of the land itself and a specification of the terms of sale, it might very well have been adopted, or ratified, by a subsequent agreement, *if that subsequent agreement was in the form required by the law*. In such case it is obvious that the binding force of the contract is in the subsequent agreement and not in the deed, and the agreement must therefore be in writing. If the deed can be adopted or set up by a mere parol declaration, made by Mrs. Collins after the removal of her disability of coverture, it would seem to let in all the evils which the statute was designed to guard against.

The case does not, however, in our opinion, turn upon this point; for, conceding that there was no memorandum in writing, there is still ample proof to authorize a decree for specific performance of the agreement.

After the death of Collins, and after the mistake in the acknowledgment of the deed was discovered, the proof is uncontradicted that Mrs. Collins expressed her entire satisfaction that the sale should stand, and promised to execute another deed so soon as proper steps could be taken to secure the purchase money to her children. Mrs. Collins died

shortly after this conversation.    The purchase money has been all paid to her administrator; and the plaintiff, who took possession of the land in 1853 immediately upon the execution of the deed, has been in possession ever since and made improvements on the place.

The circuit court seems to have dismissed the bill upon the ground that the possession of the plaintiffs was anterior to the contract sought to be enforced, and that the improvements made were not of such a character or of such value as of themselves to warrant a decree for specific performance.

It is well established that the delivery of possession of a tract of land, to form the groundwork of a decree for title, where the contract is wholly parol, must be in pursuance of the alleged contract.    The principle itself is self-evident, but its application has been chiefly illustrated in two classes of cases.    The first is where the party is in possession as tenant and attempts to set up a new lease or an absolute purchase. Here the relation of landlord and tenant exists at the time of the alleged contract, and the circumstance of the tenant's continuing in possession amounts to nothing.    So where the relation between the parties is that of father and son, the possession of the latter admits of a similar explanation, and by no means necessarily leads to an inference that the land has been given or sold to the son.    (Eckert v. Eckert, 3 Penn. 332.)    But where the parties are strangers, as in the case now under consideration, the case is different.    As was said by the Master of the Rolls, in Morphell v. Jones, 1 Swanst. 181, "the admission into possession having unequivocal reference to contract has always been considered an act of part performance.    The acknowledged possession of a stranger in the land of another is not explicable except on the supposition of an agreement, and has therefore constantly been received as evidence of an antecedent contract, and as sufficient to authorize an inquiry into the terms."

It is impossible to distinguish the contract consummated by the supposed conveyance in 1853 and the parol agree-

ment of Mrs. Collins in 1854, so far as a delivery of possession under the contract is concerned. The latter parol agreement may be considered as relating back in time to the former, or as amounting to a second delivery of possession at the date of the second agreement. To all intents and purposes, so far as the question of possession or the time of its being taken is concerned, they are one and the same. The facts, as stated in the finding of the court, or as more fully detailed in the bill of exceptions, show, beyond all doubt, that the possession of the plaintiff was under and by virtue of the contract of sale now sought to be enforced.

Judge Ewing concurring, the judgment is reversed and the cause remanded. Judge Scott absent.