NORTH STATE PIANO COMPANY v. SPRUILL & BRO.

(Filed 24 February, 1909.)

1. **Mortgagor and Mortgagee—Chattel Mortgage—Notice—Registration—Priorities—Liens.**

    A recital in a registered chattel mortgage of a piano that there was no encumbrance except a certain amount now due "a piano company": *Held,* (1) is not sufficient notice to the mortgagee in the recorded mortgage; (2) if it were otherwise full and sufficient, it could not supply the absence of registration; (3) the words employed were to protect the mortgagor from any charge of improperly conveying mortgaged property and from liability incurred to the mortgagee on that account.

2. **Same.**

    A holder of a registered mortgage has a prior lien to that of a holder whose mortgage was first made, but not recorded, notwithstanding a recital in the recorded mortgage that there was no encumbrance except "$115 now due a piano company," which subsequently proved to be due the holder of the unregistered mortgage. (The question of notice and liens by mortgage discussed by CLARK, C. J.)

ACTION from BEAUFORT, heard at chambers, on case agreed, by *Guion, J.,* at Fall Term, 1908.

Defendants appealed.

*Small, MacLean & McMullan* for plaintiff.
*A. O. Gaylord* for defendant.

CLARK, C. J. On 28 November, 1905, the defendant McConnico borrowed of Spruill & Bro., the interpleaders herein, $75 and, to secure the same, executed a chattel mortgage on a piano, which mortgage was recorded in Washington County, where the mortgagor resided, on 6 December, 1905. This mortgage conveyed "one McPhail piano, now in our possession, which is free and clear of all encumbrance, except $115 now due the piano company." On 10 March, 1905, said McConnico, having purchased said piano, had executed a conditional-sale agreement to the North State Piano Company for $115, balance due on the purchase money, which mortgage has never been registered, as required by Revisal, sec. 983, in Washington County, where McConnico resided and has had the piano in possession.

PIANO CO. *v.* SPRUILL.

This is a claim and delivery for the piano, begun by the North State Piano Company, in which Spruill & Bro. interpleaded. It is agreed that said mortgagees and interpleaders had no actual notice or knowledge of the conditional sale to the plaintiff, nor of any lien on the piano except the recital in the mortgage to them that there was no encumbrance "except $115 now due piano company." The recital does not name the piano company nor state how or for what the $115 was due. It was insufficient, even as a notice. But nothing is better settled than that "No notice, however full and formal, will supply the place of registration." *Tremaine v. Williams,* 144 N. C., 116; *Wood v. Tinsley,* 138 N. C., 510; *Collins v. Davis,* 132 N. C., 106; *McAlister v. Purcell,* 124 N. C., 263; *Blalock v. Strain,* 122 N. C., 285; *Patterson v. Mills,* 121 N. C., 267; *Hooker v. Nichols,* 116 N. C., 161; *Barber v. Wadsworth,* 115 N. C., 29; *Quinnerly v. Quinnerly,* 114 N. C., 145; *Maddox v. Arp, ib.,* 585; *Hinton v. Leigh,* 102 N. C., 31; *Bank v. Manufacturing Co.,* 96 N. C., 298; *Todd v. Outlaw,* 79 N. C., 235; *Blevins v. Barker,* 75 N. C., 436; *Robinson v. Willoughby,* 70 N. C., 358; *Miller v. Miller,* 62 N. C., 85; *Leggett v. Bullock,* 44 N. C., 283; *Womble v. Battle,* 38 N. C., 182; *Fleming v. Burgin,* 37 N. C., 584, and many another case. They are too numerous to cite.

The words (in the mortgage to Spruill & Bro.), "clear of all encumbrance except $115 due the piano company," were merely meant to avoid any charge against the mortgagor of conveying mortgaged property or incurring liability to the grantees for removal by them of the encumbrance. The acceptance of the mortgage was not an assumption by the mortgagees of any trust to apply the property to payment of the $115 due the unnamed piano company, nor was it a waiver of the want of registration as to any mortgage or lien theretofore given by the mortgagor.

To maintain the contention that the unregistered lien of $115 has priority over the duly registered mortgage to Spruill & Bro. the plaintiff relies upon three cases: (1) *Hinton v. Leigh,* 102 N. C., 28. That case approved the above well-settled doctrine, but held that it did not apply because the deed in trust recited the prior unregistered mortgage, and the reference in the *tenendum* was held broad enough to include the mortgage among the debts to be paid by the trustee under and by virtue of the trust

deed. Whether we should give that construction to the words of the *tenendum,* if before us now, admits of doubt, but that case is not a precedent that merely mentioning a prior lien in a conveyance dispenses with the requirement of registration. (2) The second case cited by plaintiff is *Brasfield v. Powell,* 117 N. C., 140. There, as the Court said, "there is a lien on the crop to be paid out of the crop, and the defendants accepted this conveyance with this provision in it; and when they did so, they accepted it as trustees and are bound to carry out the trust." Here the mortgage to Spruill & Bro. does not recite any prior conveyance nor indicate that the mortgagees shall hold the property in trust to pay off said prior lien and apply only the surplus to their own debt. (3) The third and last case cited by plaintiff is *Bank v. Vass,* 130 N. C., 590, where it was held that the words in the *warranty,* reciting a prior conveyance, were more than a bare notice and created and established a trust in favor of the prior encumbrancer, the Court being careful to add, "This benefit is in no way derived by title acquired through the deed of trust (the prior unregistered conveyance), but it comes by virtue of the charge and trust set out in the mortgage (the registered conveyance)."

The distinction is this: Where the deed conveys only the remainder, after reserving a charge, or conveys the property in trust to apply the proceeds first to such other charge, then it is not necessary that such prior lien should be recorded, nor, indeed, that it should be in writing, nor even that it should be made before the conveyance reciting it. But when, as here, the conveyance of the property merely refers to or mentions that there is a prior conveyance or lien, this is no more than a notice, and if such prior lien or conveyance is not at that time of record it has no effect against the later conveyance if that is first recorded.

The words "clear of all encumbrance except $115 due the piano company" cannot be construed a trust in the mortgagees to apply the property to said debt in preference to their own. The mortgagees took the property with notice of an encumbrance, which has no priority because unregistered.

Upon the facts agreed, judgment should have been rendered in favor of the holders of the registered mortgage, Spruill & Bro.

Reversed.