C. L. BLACKNALL v. F. W. HANCOCK, TRUSTEE, BLALOCK MOTOR COMPANY, AND JOHN HARVEY.

(Filed 9 November, 1921.)

**1. Deeds and Conveyances—Registration—Notice.**

No notice, however full or formal, can supply that of the registration of conveyance of land required by statute to give priority over creditors or purchasers for value. C. S., 3311.

**2. Same—Liens—Priorities—Filing—Indexing.**

The priorities between two mortgages or deeds of trust on land, appearing upon the index of the register of deeds to have been registered on the same month, exact date not given, nothing else appearing, may be determined by the time of filing for registration, and their relative position on the index. Attention is called to ch. 68, Laws 1921, amending C. S., 3553, though not applicable to the instant case.

**3. Equity—Subrogation.**

The principle of subrogation does not prevail in favor of a mere volunteer.

**4. Same—Liens—Priorities—Mortgages—Registration.**

Where there is an implied agreement between the mortgage debtors that the one taking a subsequent mortgage should pay off and discharge the first one and acquire the benefits of the lien, and it appears that the prior mortgage was never registered, but that a third mortgage had also been given on the same lands and registered prior to the second mortgage, there is no existent equity in favor of the first and unregistered mortgage upon which subrogation can rest in favor of the second mortgagee whose mortgage has been registered subsequent to the registration of the third one.

**5. Deeds and Conveyances—Mortgages—Prior Mortgages—Registration—Liens—Recitations in Warranty of Prior Liens.**

Where the lands have been subjected to three mortgages, one for the balance of the purchase price, which has not been registered, and the third merely refers to the first mortgage lien in omitting it from the

24—182

warranty clause, and is recorded before the second, the mere reference to the first mortgage in the third one, is not such a recognition of its valid existence and binding effect as to postpone the third mortgage lien to that of the second and last registered mortgage. *Hinton v. Lee*, 102 N. C., 28, cited and distinguished.

APPEAL by plaintiff from *Cranmer, J.*, at chambers, 17 March, 1921, from VANCE.

Civil action, heard on motion to dissolve a restraining order and counter motion by plaintiff to make same permanent, by consent. Plaintiff, holding a debt of $1,579.87, secured by a deed of trust on realty in said county, brings the action to restrain the sale by defendant Hancock under a deed of trust on same property, to secure two notes of $850 each, and have the latter deed declared a lien subsequent to that of plaintiff and to remove same as a cloud to plaintiff's claim and interest under his deed. The facts more directly pertinent, and the ruling of the court thereon, are embodied in the judgment as follows:

"This action, coming on to be heard before Hon. E. H. Cranmer, judge, at chambers, in Henderson, N. C., on 17 March, 1921, and the same being heard on the motion of the plaintiff for a permanent injunction against defendants foreclosing a trust deed executed by J. T. Harvey and wife on 20 March, 1920, to F. W. Hancock, trustee, which trust deed was filed for registration on 23 March, 1920, unless or until the said trustee or Harvey shall pay to plaintiff the sum of $1,579.87, with interest from 24 March, 1920; the court having heard the evidence and arguments of counsel, doth find the following facts:

"That J. H. Harvey contracted to buy 64 acres of land from Miss Martha Edwards, and paid the purchase money therefor, except the sum of $1,075, as of 8 March, 1920, before the transaction was closed, Miss Edwards died, and, after her death, her heirs executed a deed in fee for said land, which deed was dated 8 March, 1920, upon the execution of the said deed to said Harvey he at once executed and delivered to T. T. Hicks a deed in trust upon said land to secure the balance of the purchase money, $1,075, with six per cent interest thereon, said trust deed bearing date 8 March, 1920; the said deed and trust deed were both duly probated, the registration fees paid, and they were filed for registration contemporaneously in the office of the register of deeds for Vance County on 10 March, 1920; the trust deed was never actually recorded upon the books, and no index thereof was made.

"On 20 March, 1920, the said J. H. Harvey and wife executed and delivered to F. W. Hancock a deed in trust upon the said land to secure the payment of two notes for $850 each, due 1 November, 1920, and 1 November, 1921, being the balance purchase price due for one Kline

automobile. The said trust deed was duly probated and filed for registration in the office of the register of deeds for Vance County on 23 March, 1920, at 5 o'clock p. m., and appears of record in said county in Book 99, at page 317; the date of actual registration on the book is not given, but it is indexed and the word 'March' is written on the line of its index at the beginning of the line. A deed in trust filed 8 April, 1920, is recorded on the page next before it. The Hancock trust deed is indexed three lines above the $1,579.87 trust deed, which also has the word 'March' at the beginning of its line. On 24 March, 1920, the said J. H. Harvey and wife executed and delivered to T. T. Hicks a deed in trust upon the same above mentioned land to secure the payment of the sum of $1,579.87. This trust deed was duly probated and filed for registration in the office of the register of deeds for Vance County on 26 March, 1920, at 4:30 o'clock p. m., and appears of record in said county in Book 95, page 415; the date of actual registration on the book is not given, but it is indexed in March, 1920, after the trust deed to F. W. Hancock.

"The plaintiff paid off the amount of balance due for purchase money on said land out of the $1,579.87 loaned said Harvey, and on 26 March, 1920, the date the trust deed securing said $1,579.87 was filed for registration, and after its filing the trustee finding the $1,075 trust deed was not recorded, withdrew it from the office of the register of deeds, that is, the one which had been filed for registration 10 March, 1920, but which had never been actually registered or indexed upon the record. The debt secured in the trust deed to Hancock has not been satisfied.

"Upon the foregoing findings of fact the court doth adjudge that the restraining order issued in this action by Hon. John Kerr, judge, be, and the same is hereby dissolved, the court being of opinion that the trust deed executed by said J. H. Harvey and wife to F. W. Hancock on 20 March, 1920, and filed for registration on 23 March, 1920, is a first and prior lien on the land described in the complaint herein, and that plaintiff is not entitled to be subrogated to the rights of Edwards under the $1,075 trust deed.

"The plaintiff is taxed with the costs of the action."

Plaintiff excepted and appealed.

*T. T. Hicks & Son for plaintiff.*
*F. W. Hancock, Jr., and A. C. & J. P. Zollicoffer for defendants.*

HOKE, J. The statute applicable, C. S., 3311, provides in effect that no deed of trust or mortgage on real estate, etc., shall be valid to pass any property as against creditors or purchasers for value from the donor, bargainor, or mortgagor, but from the registration thereof in the

county where the land lies, and the Court decisions in this State construing the law have insistently held that no notice, however full or formal, shall avail to defeat a prior registration. *Fertilizer Co. v. Lane,* 173 N. C., 184; *Blalock v. Strain,* 122 N. C., 283; *Quinerly v. Quinerly,* 114 N. C., 145.

From a perusal of the facts stated in the judgment it appears that the deed of trust under which plaintiff directly claims, being the deed to secure $1,579.87 from Harvey and wife to T. T. Hicks, trustee, was executed 24 March, 1920, proven and filed for registration 26 March, indexed in March, 1920, exact date not given, but appearing on the index docket after the deed under which defendant claims. That the deed of trust to defendant F. W. Hancock, trustee, to secure the $850 notes, executed 23 March, 1920, was duly proven and filed for registration 23 March, 1920, appearing on the index docket of the county registry as of March, 1920, above the deed to T. T. Hicks, trustee, and presumably prior thereto.

From these findings, therefore, and by express provision of the statute, as between the two, the deed of defendant has the prior lien, and in any event, on the facts of this record, the priority of defendant's deed should prevail by reference to the time of filing, 23 March, 1920, as against 26 March, the date when plaintiff's deed was filed. *Power Co. v. Power Co.,* 175 N. C., 668; *Glanton & Cotton v. Jacobs,* 117 N. C., 427.

It is urged on behalf of plaintiff that inasmuch as a portion of the money advanced on the security of plaintiff's present deed of trust to the amount of $1,075 was used in payment of the original purchase money to the Edwards heirs, and that a deed of trust to secure the same had been proved and filed for registration 10 March, 1920, to that extent plaintiff should of right be subrogated to this claim as a prior lien on the property, but, in our opinion, the position cannot be maintained. It is recognized that the principle of subrogation does not prevail in favor of a mere volunteer, but if it be conceded that the position might arise to plaintiff by reason of a permissible inference that he paid off the Edwards debt at the request of the debtor and under an implied agreement that he might thus acquire the benefits of the lien (see *Liles v. Rogers,* 113 N. C., 199, citing 2d Beach on Modern Equity Jurisprudence, sec. 801), the position would not avail plaintiff on the facts of this record, for as against defendant, holding under a duly registered instrument, the Edwards heirs never acquired any lien, and there is none to which plaintiff can be substituted. The facts showing that before same was ever put on the registry, or indexed, the deed securing the Edwards debt was withdrawn from the files and the purchase money paid in full.

The position referred to is very well stated in 27 American Encyclopedia of Law (2 ed.), at p. 206, as follows: "The rights acquired by a party entitled to subrogation cannot .be extended beyond the rights of the party under whom subrogation is claimed, subrogation contemplating some original privilege on the part of him to whose place substitution is claimed and where no such privilege exists or where it has been waived by the creditor, there is nothing on which the right can be based."

Again, it is insisted that plaintiff's claim to the extent of the purchase money debt paid to the Edwards heirs should be held superior because the deed of trust under which defendant claims is in recognition of the Edwards lien, and under the principle approved in *Hinton v. Leigh,* 102 N. C., 28, but on the facts presented, this exception also must be overruled. In *Hinton v. Leigh, supra,* the Court held that the claim under a later registered mortgage should be preferred to claims secured by a subsequent deed of trust, but which had been first registered, but this was on the ground that by correct interpretation the deed of trust fully recognized the validity of the mortgage and conveyed the land to the trustee only as subject to the mortgage lien. But the position does not prevail from the fact that in the instant case the deed of trust to defendant in the covenant against encumbrances merely excepts the claim then existent in favor of the Edwards heirs. The present comes clearly within *Piano Co. v. Spruill,* 150 N. C., 168, and that class of cases which hold that a mere reference to the existence of a prior encumbrance does not recognize its validity as a superior lien except as it may comply with requirements of our registration laws.

We deem it not improper to refer to a statute of the recent session of the Legislature, chapter 114, amending C. S., 3553, and which may have an important bearing on the priority of liens as determined by the date of filing in connection with the indexing and cross-indexing of instruments. The matter is not further pursued, as the law does not seem to affect the rights of the parties to this controversy. We deem it desirable, however, that the attention of the profession and officials shall be called to the existence of the statute.

We find no error in the present record, and the judgment for defendant is

Affirmed.