H. F. HARDY v. H. ABDALLAH.

(Filed 27 May, 1926.)

1. **Deeds and Conveyances—Married Women—Purchase-Money Mortgage —Feme Covert—Constitution—Priority—Statutes.**

A purchase-money deed given by a *feme* covert, living with her husband, in which the husband does not join and which does not contain any privy examination of the wife is void because not complying with Art. X, sec. 6 of the Constitution, and C. S., 997; and a subsequent mortgage duly executed by them both, docketed after the writing purporting to be a purchase-money deed takes priority over such deed.

2. **Purchase-Money Mortgage—Ratification.**

Words in a subsequent mortgage referring to a prior purchase-money deed of trust by declaring the land "free and clear of all encumbrances, except one note for purchase money due in 1922," is a mere reference, and does not amount to a ratification of the prior purchase-money deed so as to cure the purchase-money deed of invalidating defects of probate.

APPEAL by plaintiff from *Barnhill, J.,* at November Term, 1925, of LENOIR.

Controversy without action, submitted on an agreed statement of facts. Plaintiff appeals from a judgment in favor of the defendant.

*F. E. Wallace for plaintiff.*
*Sutton & Greene for defendant.*

STACY, C. J. The parties to the present proceeding, having a question in difference which might properly become the subject of a civil action, have submitted the same for determination without action, upon an agreed statement of facts as authorized by C. S., 626.

The question to be determined is whether a purchase-money deed of trust, covering real estate presently acquired by grant, signed by a married woman who is living with her husband, and in which the husband does not join, and the privy examination of the *feme covert* is not taken, is superior to the lien of a subsequent deed of trust on the same property, duly executed by the married woman and her husband, and in which it is recited in the warranty clause that the said land "is free and clear of all encumbrances, except one note for purchase money due 1922."

His Honor was of the opinion, and so held, that the purchase-money deed of trust is void and that the lien created by the duly executed deed of trust, though registered after the first paper-writing, is superior thereto. In this, we think his judgment is supported by the decisions in *Stallings v. Walker,* 176 N. C., 321, and *Piano Co. v. Spruill,* 150 N. C., 168.

The facts are that on 21 November, 1919, Mrs. Ludie S. Huggins, a married woman living with her husband, purchased a tract of land from one J. T. Taylor, and, upon receipt of deed, immediately delivered back to her grantor a paper-writing purporting to be a deed of trust, made to the Rouse Banking Company, trustee, and given to secure the payment of two notes, due two and three years thereafter respectively, and representing the balance of the purchase price of said land. This paper-writing, purporting to be a deed of trust, was signed and acknowledged by Mrs. Huggins, but without any privy examination on her part and without the written assent of her husband. The instrument was filed for registration in the office of the register of deeds for Lenoir County on 29 November, 1919.

Thereafter, on 21 May, 1921, Mrs. Huggins and her husband, being indebted to J. A. Jones in the sum of $367.30, as evidenced by their promissory note, duly executed and delivered to H. E. Shaw, trustee, a

deed of trust on the same property to secure the payment of said note at maturity. In the warranty clause of this instrument it is stated that the land "is free and clear of all encumbrances, except one note for purchase money due 1922."

The plaintiff, H. F. Hardy, is the holder, by assignment, of the notes given by Mrs. Ludie S. Huggins to J. T. Taylor; while the defendant is the holder, by assignment, of the note given by Mrs. Ludie S. Huggins and her husband to J. A. Jones.

The property has been sold under the second deed of trust, or the one given to secure the payment of the Jones note of $367.30, and the funds arising therefrom are insufficient to pay the notes held by plaintiff and the one held by the defendant. Who is entitled to priority of payment out of the funds, the plaintiff or the defendant? This is the question to be decided.

The first paper-writing, signed and acknowledged by Mrs. Huggins, purporting to be a deed of trust charging her real estate for the security of a debt, is void, it appearing that she was living with her husband at the time who did not join her in the deed as required by Art. X, sec. 6, of the Constitution and C. S., 997, nor was her privy examination taken as required by the statute just mentioned. *Foster v. Williams,* 182 N. C., 632; *Smith v. Ingram,* 130 N. C., 100; *Scott v. Battle,* 85 N. C., 184.

True, it has been held that where a mortgage or deed of trust is invalid, by reason of some defect in its execution, still the same may be recognized by a subsequent mortgage or deed of trust, duly executed in manner and form as required by law, when it appears that the latter agreement was made subject to the former, and sufficient reference is made therein to amount to a ratification and adoption of the prior agreement. *Bank v. Smith,* 186 N. C., 635; *Brasfield v. Powell,* 117 N. C., 140; *Ward v. Anderson,* 111 N. C., 115; *Hinton v. Leigh,* 102 N. C., 28. This upon the principle that the binding force and effect of the defective or void instrument is derived from the subsequent agreement, made subject thereto and in recognition and adoption of it as a valid contract, thus meeting the requirements of the statute of frauds, and that the parties claiming under the second instrument are estopped to deny the validity of the first as their title vested subject to it. *Fort v. Allen,* 110 N. C., 183; *Gibson v. Lyon,* 115 U. S., 439; *Price v. Hart,* 29 Mo., 171; *Crooks v. Douglass,* 56 Pa. St., 51. See, also, *Sills v. Bethea,* 178 N. C., 315.

It has also been held that a mere reference to a prior encumbrance, not amounting to a ratification or adoption of it, and where the second is not made subject to the first, except as it may comply with the

requirements of the registration laws, the defective or void instrument is not thereby given any binding force and effect. *Blacknall v. Hancock,* 182 N. C., 369; *Piano Co. v. Spruill,* 150 N. C., 168.

The present case comes squarely within the meaning and purpose of these early named decisions, and the judgment must be upheld on authority of *Piano Co. v. Spruill, supra.*

Affirmed.