JESSE W. HARDY AND WIFE, CORA L. HARDY, v. JOE W. FRYER ET AL.

(Filed 26 October, 1927.)

**Deeds and Conveyances—Trusts—Mortgages—Priority of Liens—Title—Registration.**

> Where the grantee in a deed takes title in subordination to an existing unregistered mortgage on the lands, specifying the mortgagee with certainty, together with the fact that the title conveyed is subject thereto and the amount thereof in language that amounts to its ratification and adoption, and the deed is recorded, the grantee is deemed a trustee for the payment of the mortgage referred to and those claiming under his rights are bound by the trust created in the deed, and a later mortgage acquires only a secondary lien under a later but prior registered mortgage to that set out in the original conveyance.

CIVIL ACTION, before *Cranmer, J.,* at May Term, 1927, of PITT.

The plaintiff instituted this action against the defendant, Fryer, Farmville Building and Loan Association, Bank of Fountain, and all other lien holders, to restrain a sale of his property and to ascertain the amount and priority of liens thereon. The cause was referred to Hon. H. G. Connor as referee to find the facts and to state conclusions of law determining the rights of the parties. The referee heard the evidence and argument of counsel and filed an unusually clear-cut and comprehensive report.

The facts presenting the question of law involved are substantially as follows: On 16 October, 1920, J. T. Harris sold to plaintiff, Jesse W. Hardy and wife, a lot of land for $9,016.25 and executed and delivered a deed therefor. Contemporaneously therewith plaintiff, Hardy and wife, executed and delivered to the defendant, Farmville Building and Loan Association, a note for $3,500, secured by a mortgage upon the property conveyed, and also at the same time executed and delivered to the vendor, Harris, five notes aggregating $5,516.25, and securing same by a deed of trust. The deed from Harris, the vendor, to Hardy and wife, vendee, was immediately recorded. The mortgage from Hardy

and wife to Harris, securing the said sum of $5,516.25, was duly recorded on 25 October, 1920, but the mortgage from Hardy and wife to the Building and Loan Association was not recorded until 8 February, 1923. Harris, the payee, in the notes aggregating $5,516.25, before maturity, transferred and delivered said notes to the Bank of Fountain, and the Bank of Fountain sold the notes to the defendant Fryer. The deed from Harris, the vendor, to Hardy and wife, vendees, dated 16 October, 1920, contained the following language: "Witnesseth, That in consideration of the sum of $5,000, and the assumption of payment of certain mortgage due the Building and Loan Association for $3,500, receipt of which is hereby acknowledged," etc. In the warranty clause of said deed the following language occurs: "That the same is free and clear of all encumbrances except mortgage to the Farmville Building and Loan Association, which is hereby assumed by the party of the second part, which assumption is a part of the purchase price hereof."

The Bank of Fountain contends that by reason of the fact that its mortgage, securing indebtedness of $5,516.25, was recorded prior to the recording of the $3,500 mortgage to the Building and Loan Association that its lien is superior to and prior to the $3,500 mortgage of the Building and Loan Association.

The Building and Loan Association contends that, while its mortgage for $3,500 was recorded subsequent to that held by the defendant bank and transferred to the defendant, Fryer, yet the notice and reference in the deed from Harris, the vendor, to Hardy and wife, the vendees, was sufficient to preserve its lien.

The referee, upon the facts found by him, concluded, as a matter of law, that the language contained in the deed "comes within the rule laid down by the Supreme Court in several cases, and that when Hardy assumed payment of the mortgage to the Building and Loan Association for $3,500, this assumption of payment passed along to all the persons dealing with the property thereafter."

The trial judge confirmed the report of the referee, and the defendants, Bank of Fountain and Joe W. Fryer, appealed.

*John Hill Paylor for Farmville Building and Loan Association.*
*Skinner, Cooper & Whedbee, and Albion Dunn for Bank of Fountain and Joe W. Fryer.*

BROGDEN, J. The question is this: Under what conditions will reference in a registered instrument, to a prior encumbrance unregistered, constitute a valid and enforceable lien by the holder of such prior unregistered encumbrance?

The principles deducible from our decisions upon the subject of the sufficiency of the references necessary to impart vitality to a prior unregistered encumbrance, may be stated as follows:

1. The creditor holding the prior unregistered encumbrance must be named and identified with certainty.

2. The property must be conveyed "subject to" or in subordination to such prior encumbrance.

3. The amount of such prior encumbrance must be definitely stated.

4. The reference to the prior unregistered encumbrance must amount to a ratification and adoption thereof.

The theory out of which these principles grow, is that the reference to the unregistered encumbrance, if made with sufficient certainty, creates a trust or agreement that the property is held subject thereto. *Hinton v. Leigh,* 102 N. C., 28; *Ward v. Anderson,* 111 N. C., 115; *Brassfield v. Powell,* 117 N. C., 141; *Bank v. Vass,* 130 N. C., 592; *Piano Co. v. Spruill,* 150 N. C., 168; *Blacknall v. Hancock,* 182 N. C., 369; *Bank v. Smith,* 186 N. C., 642; *Hardy v. Abdallah,* 192 N. C., 45.

Applying the tests specified to the case now under consideration, we are of the opinion that the references in the deed measure up to the standard prescribed by law. The creditor is identified, the amount and purpose of the debt stated, and the existence of a prior conveyance and agreement to assume the indebtedness fully and definitely disclosed.

The decisions in this State chiefly relied upon to sustain the contention of the defendants are *Piano Co. v. Spruill, supra,* and *Hardy v. Abdallah, supra.* The reference in the *Spruill case, supra,* was as follows: "One McPhail Piano, now in our possession, which is free and clear of all encumbrances except $115 now due the Piano Company." The court held this reference to be insufficient for the reason that the recital did not name the piano company, the creditor, nor state how or for what the $115 was due. The opinion states: "Here the mortgage to Spruill & Bro. does not recite any prior conveyance nor indicate that the mortgagees shall hold the property in trust to pay off such prior lien and apply only the surplus to their own debt." In the *Abdallah case, supra,* the only reference was in the warranty clause as follows: "Is free and clear of all encumbrance except one note for purchase money due in 1922." This reference did not identify the creditor nor state the amount of the supposed indebtedness, nor did it refer to any conveyance at all.

However, the defendant contends that the references which have been upheld by the court as imparting vitality to unregistered liens have all occurred in the identical paper held by the party endeavoring to exclude the prior encumbrance. And, therefore, as there is no reference

in the mortgage which the defendant holds, but only a reference in the original deed of conveyance, the principles of law referred to do not apply. Now, it must be observed, in the outset, that the reference occurred in a conveyance which is an essential part of defendant's title. In other words, the validity of defendant's mortgage depends upon the validity of the deed from Harris to the plaintiffs, Hardy and wife. This deed is the foundation of defendant's chain of title so far as this controversy is concerned, and when the defendants took the notes aggregating $5,516.25, and the mortgage or deed of trust securing same, they were charged by law with full notice of the provisions of the deed upon which their security rested.

In this situation the defendants are met with the principle of law declared in *Holmes v. Holmes,* 86 N. C., 206: "And it is a well established rule, that where a purchaser in the necessary deduction of his title must use a deed which discloses an equitable title in another, he will be affected with notice, and will be bound by any trust that rested upon him from whom he purchased." *Manning, J.,* in *Thompson v. Power Co.,* 154 N. C., 22, states the same principle, quoting from 2 Pom. Eq. Juris. (3 ed.), sec. 626: "Wherever a purchaser holds under a conveyance and is obliged to make out his title through that deed, or through a series of prior deeds, the general rule is firmly established that he has constructive notice of every matter connected with or affecting the estate which appears, either by description of parties, by recital, by reference, or otherwise, on the face of any deed which forms an essential link in the chain of instruments through which he must derive his title. The reasons for this doctrine are obvious and most convincing; in fact, there could be no security in land ownership unless it were strictly enforced."

Upon the law as written, we hold that the judgment of the referee, approved by the trial judge, was correct, and the same is

Affirmed.