J. R. LAWSON AND SALLIE LAWSON v. J. G. KEY AND EDWARD M. LINVILLE, TRUSTEE.

(Filed 5 November, 1930.)

**Mortgages C c—Thirdly executed mortgage, secondly registered, referring to two prior executed encumbrances, is prior to secondly executed mortgage registered thereafter.**

No notice, however full and formal, can replace the statutory notice of registration, C. S., 3311, and where a second mortgage is executed and delivered, but not registered until after the registration of a third mortgage, the mortgage third in execution is prior to the mortgage secondly executed and subsequently registered, and this result is not changed by the fact that the mortgage third in execution contained a reference immediately after the description that the lands were the same conveyed in a first and second deed of trust, and contained a warranty against encumbrances "except as above stated," the references being insufficient to show that the parties intended to recognize the prior instruments as superior liens.

APPEAL by plaintiffs from *Johnson, Special Judge,* at March Term, 1930, of SURRY.

Civil action to restrain sale under foreclosure of alleged third deed of trust.

Additional parties were brought in and all matters adjusted by agreement, save the single question as to the priority of liens between the alleged second and third deeds of trust.

The fact situation, bearing upon this question, is as follows:

1. On 22 April, 1924, J. R. Lawson and wife executed and delivered to A. D. Folger, trustee, a deed of trust on certain real estate in Surry County, to secure an indebtedness of $4,167.60 to R. F. Hemmings. This instrument was not registered until 19 May, following:

2. In the meantime, between the execution of the Lawson-Folger-Hemmings deed of trust and its registration, to wit, on 24 April, 1924, J. R. Lawson and wife executed and delivered to E. M. Linville, trustee, another deed of trust on the same property to secure an indebtedness of $700 to J. G. Key. This instrument was duly registered the next day, 25 April.

3. Immediately following the description of the property in the Lawson-Linville-Key deed of trust appear the words: "This being the same lands conveyed this year to the Greensboro Joint Stock Land Bank in a deed of trust for $1,392 and a second deed of trust to R. F. Hemmings for $1,400." And the warranty clause contains the recital that the premises are free and clear from any and all encumbrances, "except as above stated."

4. It is agreed that J. R. Lawson and wife, during the year 1924, executed only one deed of trust to A. D. Folger, trustee for R. F. Hemmings, the same being in the sum of $4,167.60, and that the reference in the deed of trust from J. R. Lawson and wife to E. M. Linville, trustee, for J. G. Key, is to this $4,167.60 encumbrance, though erroneously stated "for $1,400."

5. The first deed of trust to the Greensboro Joint Stock Land Bank has been paid and canceled.

From a judgment declaring the lien of the Lawson-Linville-Key deed of trust superior to that of the Lawson-Folger-Hemmings deed of trust, the plaintiffs appeal, assigning error.

*Folger & Folger for plaintiffs.*
*W. L. Reece and E. C. Bivens for defendants.*

STACY, C. J., after stating the case: Are the references in the Lawson-Linville-Key deed of trust to the prior, but subsequently registered, Lawson-Folger-Hemmings deed of trust sufficient to make the lien of the latter superior to that of the former? We think not.

The references in question do not show that the parties intended to recognize the prior instruments as superior liens, unless duly registered, and it is well-nigh axiomatic that "no notice, however full and formal, will supply the place of registration." *Piano Co. v. Spruill,* 150 N. C., 168, 63 S. E., 723.

The facts of the instant case bring it within the principles announced in *Story v. Slade, ante,* 596; *Hardy v. Abdallah,* 192 N. C., 45, 133 S. E., 195; *Blacknall v. Hancock,* 182 N. C., 369, 109 S. E., 72, and *Piano Co. v. Spruill, supra,* rather than those applied in *Hardy v. Fryer,* 194 N. C., 420, 139 S. E., 833; *Bank v. Smith,* 186 N. C., 635, 120 S. E., 215; *Bank v. Vass,* 130 N. C., 590, 41 S. E., 791; *Brasfield v. Powell,* 117 N. C., 140, 23 S. E., 106, and *Hinton v. Leigh,* 102 N. C., 28, 8 S. E., 890.

For the lien of a subsequently registered instrument to take precedence over one previously registered, it must appear that the latter was executed in subordination to the former. *Hardy v. Fryer, supra.*

Affirmed.