J. T. PRUITT v. L. V. PARKER ET AL.

(Filed 25 November, 1931.)

1. **Chattel Mortgages B b—Chattel mortgage first indexed and cross-indexed in chattel mortgage index has priority.**

The indexing and cross-indexing of chattel mortgages is an essential part of their registration, and where separate indexes for real estate mortgages and chattel mortgages are kept by the register of deeds of a county, a duly recorded chattel mortgage which is indexed and cross-indexed in the general chattel mortgage index has priority over a mortgage covering the same personal property and also certain real estate which is previously executed and recorded and indexed in the general

PRUITT *v.* PARKER.

real estate mortgage index but subsequently indexed and cross-indexed in the general chattel mortgage index. C. S., 3560, 3561, as amended by chapter 327, Public Laws of 1929.

**2. Chattel Mortgages B c—Recitation in chattel mortgage in this case held not to affect its priority of lien.**

The priority of a chattel mortgage which is properly recorded and indexed is not affected by the fact that its warranty excluded "encumbrances of record" when the alleged prior encumbrance is not indexed and cross-indexed as required by the statute.

APPEAL by defendants from *Barnhill, J.,* at Chambers in Raleigh, 15 April, 1931. From FRANKLIN. Affirmed.

The following judgment was rendered in the court below: "This cause coming on to be heard upon return of notice to show cause why the temporary restraining order heretofore granted should not be continued to the final hearing, before Honorable M. V. Barnhill, judge presiding and holding the courts of the Seventh Judicial District, at Chambers in Raleigh, on 15 April, 1931, the plaintiff being present in person, and through his counsel, Biggs and Broughton, and W. H. Yarborough, and the defendants being present in person and represented by their counsel, George C. Green, Esq.; and being heard upon the admissions in the pleadings and admissions made in open court, the court finds the following facts:

First: That the plaintiff holds a chattel mortgage upon certain personal property as set out and described in the complaint executed by L. V. Parker and recorded in Franklin County registry on 28 May, 1930, in Deed Book 294, at pages 129 and 130, and the defendant, R. W. Jordan, holds a note executed by L. V. Parker secured by a trust deed or chattel mortgage to the defendant, G. C. Fanney, trustee, conveying certain real estate in Warren County therein described, and the identical personal property described in the chattel mortgage from L. V. Parker to the plaintiff, J. T. Pruitt, and said instrument was recorded in the registry of Franklin County on 28 May (20th), 1930, in Deed Book 294, at pages 123 and 124.

Second: The instrument from L. V. Parker to G. C. Fanney, trustee, securing the notes held by R. W. Jordan was indexed and cross-indexed in the front portion of Deed Book 294, in which the same was recorded on the same day on which it was filed for registration, and it was indexed and cross-indexed upon the general real estate cross-index maintained and kept by the register of deeds of Franklin County in his office on the day of its registration, and was indexed and cross-indexed upon the general chattel mortgage cross-index maintained and kept by the register of deeds of Franklin County on a date subsequent to the indexing and cross-indexing of the chattel mortgage held by the plaintiff.

Third: The chattel mortgage from L. V. Parker to J. T. Pruitt, held by the plaintiff, was indexed and cross-indexed in the front portion of Deed Book 294, in which it was registered on 28 May, 1930, the day of its registration, and was likewise indexed and cross-indexed in the general chattel mortgage cross-index maintained and kept by the register of deeds of Franklin County on 28 May, 1930.

Fourth: That as a part of the system of registration of instruments maintained and kept by the county of Franklin at the time of the registration of the respective instruments above recited, there was maintained and kept in addition to the several books of registration a separate system of cross-indexes for real property and a separate system of cross-indexes for chattel mortgages and other instruments concerning personal property. Instruments affecting title to real property under the system maintained in Franklin County are indexed and cross-indexed in the front of the respective registration books in which such instruments are recorded, and in addition thereto, are indexed and cross-indexed in the separate cross-index system for real estate instruments, and chattel mortgages and other instruments concerning personal property are likewise indexed and cross-indexed in the front portion of the registration book in which the same are recorded, and in addition thereto, are indexed and cross-indexed in the separate cross-index system kept for chattel mortgages and other instruments concerning personal property.

Fifth: That defendant Parker, who is the mortgagor in each instrument in controversy is now and was at the time of the execution of the said instruments and the recording thereof, a resident of Franklin County.

Upon the foregoing facts the plaintiff contends and asserts that the chattel mortgage now held by him constitutes a prior lien upon the personal property therein described by virtue of its prior indexing system kept and maintained for chattel mortgages and other instruments concerning personal property, and the defendants contend and assert that the indexing and cross-indexing of the instrument from L. V. Parker to G. C. Fanney, trustee, in the front portion of Deed Book 294, in which the same is recorded, and in the general index system for real property, prior to the registration, indexing and cross-indexing of the chattel mortgage held by the plaintiff, gives the defendants a prior lien upon said property.

Upon the finding of the foregoing facts and after hearing argument of counsel, the court, being of the opinion that the lien held by the plaintiff is prior to the lien held by the defendants upon the personal property described in the said chattel mortgage and the complaint, so adjudges and it is, therefore, ordered, considered and adjudged that the

temporary restraining order herein issued be and the same is hereby continued to the final hearing of this cause."

The defendants excepted and assigned error "to the judgment of the court" and appealed to the Supreme Court.

*Yarborough & Yarborough and Biggs & Broughton for plaintiff.*
*George C. Green for defendants.*

CLARKSON, J. This action, in effect, is brought to determine the rights of plaintiff and defendants to certain personal property.

(1) On 26 May, 1930, L. V. Parker, defendant (L. V. Parker trading as Carolina Box Lumber Company) being indebted to J. T. Pruitt, the plaintiff, and to secure the indebtedness executed a chattel mortgage to plaintiff on certain personal property describing same. This chattel mortgage was duly recorded in the office of the register of deeds of Franklin County, on 28 May, 1930, in Book 294, at pages 129-30.

(2) On 1 January, 1929, L. V. Parker being indebted to R. W. Jordan, the defendant, and to secure the indebtedness executed a deed in trust to G. C. Fanney, trustee defendant, on certain personal property describing same. In said deed in trust is the *same personal property* that is set forth *in plaintiff's chattel mortgage.* This deed in trust was duly recorded in the office of the register of deeds of Franklin County, on 20 May, 1930, in Book 294, pages 123-4.

Plaintiff's chattel mortgage was indexed and cross-indexed on 28 May, 1930, upon the general chattel mortgage cross-index maintained and kept by the register of deeds of Franklin County, before the deed in trust to G. C. Fanney, trustee, was indexed and cross-indexed upon the general chattel mortgage cross-index maintained and kept as aforesaid.

The first question presented by defendant: Is the deed of trust from L. V. Parker to G. C. Fanney, trustee for R. W. Jordan, recorded in the same book and indexed in the same book ahead of the chattel mortgage from said Parker to plaintiff J. T. Pruitt inferior in lien because indexed in the general chattel mortgage book subsequent to the Pruitt mortgage? We think so, as it was not properly indexed and cross-indexed as is provided by the statute.

This action involves the construction of chapter 327 of the Public Laws of 1929, entitled "An act to amend section 3560 and 3561, of the Consolidated Statutes, relating to the indexing of instruments in the office of the register of deeds for the several counties." Section 1 amends section 3560 giving authority to the county commissioners to install the "Family" index system and providing that no instrument shall be lawfully recorded until indexed and cross-indexed according to the particular system in use. Section 2 strikes out all of section 3561, and inserts in lieu thereof the following:

"3561. *Index and Cross-Index of Registered Instruments.* The register of deeds shall provide and keep in his office full and complete alphabetical indexes of the names and the parties to all liens, grants, deeds, mortgages, bonds and other instruments of writing required or authorized to be registered; such indexes to be kept in well bound books, and shall state in full the names of all parties, whether grantors, grantees, vendors, vendees, obligors or obligees, and shall be indexed and cross-indexed, within twenty-four hours after registering any instrument, so as to show the name of each party under the appropriate letter of the alphabet; and wherever the 'Family' index system shall be in use, to also show the name of each party under the appropriate family name and the initials of said party under the appropriate alphabetical arrangement of said index; and all instruments shall be indexed according to the particular system in use in the respective office in which the instrument is filed for record. Reference shall be made, opposite each name to the page, title, or number of the books in which is registered any instrument; *Provided,* that where the 'Family' system hereinbefore referred to has not been installed, but there has been installed an indexing system having subdivisions of the several letters of the alphabet, a registered instrument shall be deemed to be properly indexed only when the same shall have been indexed under the correct subdivision of the appropriate letter of the alphabet; *Provided, further,* that no instrument shall be deemed to be properly registered until the same has been properly indexed as herein provided; *Provided, further,* that all counties where a separate index system is kept for chattel mortgages or other instruments concerning personal property, no instrument affecting the title to real estate shall be deemed to be properly registered until the same has been properly registered and indexed in the books and index system kept for real estate conveyances; *Provided, further,* that it shall be the duty of the register of deeds of each county, in which there is a separate index for conveyances of personal property and for those of real estate, to double index every such conveyance, provided that such conveyance shall contain both species of property. A violation of this section shall constitute a misdemeanor."

Section 3. That this act shall not affect pending legislation (litigation) or instruments heretofore registered."

The act of 1929 provides that no instrument shall be deemed to be properly registered until the same has been properly indexed as provided in the act, and where a separate index system is kept for chattel mortgages (4th finding of fact), as was this case in Franklin County, chattel mortgages must be indexed and cross-indexed in the chattel mortgage index system.

In *Story v. Slade,* 199 N. C., at p. 597, citing a wealth of authorities, in this jurisdiction, it is held: "The indexing and cross-indexing of instruments required to be registered is an essential part of their registration."

We do not think *Whitehurst v. Garrett,* 196 N. C., 154 relied on by defendants, is applicable. That decision was rendered 10 October, 1928, before the act of 1929, *supra,* and the facts were also different.

We think the intention of the present act clear and not ambiguous, and on the facts in this case plaintiff, on this aspect, had a prior lien.

The second question presented: But defendants further contend: "If any additional notice is required, it is to be found in the mortgage to Pruitt itself, as follows: 'that the same (the property herein described) are free and clear from all encumbrances except encumbrances of record.'" Defendants contend that "While it is the established rule that no notice however full and formal can take the place of registration where the subsequent mortgage of the same property recites that it is made subject to a prior mortgage, such recitation is more than a mere notice of prior encumbrance; and it establishes a trust in equity in favor of the prior encumbrances, even though his instrument is not registered. *Bank v. Vass,* 130 N. C., 590; *Bank v. Smith,* 186 N. C., 635."

We do not think the above cases cited by defendant are applicable, but in *Story v. Slade, supra,* at pp. 597-8, we find: "The present case, therefore, comes squarely within the decisions in *Hardy v. Abdallah,* 192 N. C., 45, 133 S. E., 195 and *Piano Co. v. Spruill,* 150 N. C., 168, 63 S. E., 723, in which similar references are held to be insufficient to take the place of proper registration of alleged prior encumbrances." *Lawson v. Key,* 199 N. C., 664. For the reasons given, the judgment below is

Affirmed.