FRANCIS C. BOURNE, JR. AND WIFE, ELIZABETH A. BOURNE, AND LUSH LEDFORD AND WIFE, HATTIE B. LEDFORD v. LAY & COMPANY, A TENNESSEE CORPORATION.

(Filed 17 March, 1965.)

**1. Registration § 1—**

The registration of a deed conveying an interest in land is essential to its validity as against a purchaser for a valuable consideration from the grantor.

**2. Same; Frauds, Statute of § 6—**

A lease for more than three years must, to be enforceable, be in writing, and to protect it against creditors or subsequent purchasers for value, the lease must be recorded.

**3. Registration § 4—**

As between two purchasers for value of the same interest in land, the one whose deed is first registered acquires title.

**4. Registration § 3—**

Actual knowledge, however full and formal, of a grantee in a registered deed of a prior unregistered deed or lease will not defeat his title as a purchaser for value in the absence of fraud or matters creating estoppel.

**5. Registration § 6—**

The fact that after the description a deed contains a statement that there was a previous lease of the land for a period of ten years to a named lessee and that the warranty excluded such leasehold, *held* not to render the unregistered lease binding on grantees.

**6. Estoppel § 4—**

The fact that grantees accept rents from grantors' lessees under an un-registered ten year lease does not estop grantees from denying that the un-registered lease was binding on them, since lessees did not perform or omit the performance or any act or change their position in reliance upon the conduct of grantees, and grantees were entitled to rent so long as the lessees remained in possession.

APPEAL by defendant from *McLean, J.,* August Session 1964 of CHEROKEE.

The plaintiffs instituted this action for a declaratory judgment.

The facts were stipulated, and in pertinent part they are as follows:

On 10 April 1961, Margaret Holland McCraney and her husband, Jack L. McCraney, owners of the land involved herein, leased the premises to the defendant, Lay & Company, a Tennessee corporation, for a period of five years, beginning 1 July 1961, at a rental of $75.00 per month, with an option to renew the lease for an additional term of five years.

The lease was not filed for registration in Cherokee County, North Carolina, until 10 September 1962.

On 2 December 1961, Margaret Holland McCraney and her husband, Jack L. McCraney, for a valuable consideration, conveyed the premises involved herein to the plaintiffs. After the description in the deed, the following statement was inserted. "There is a lease on the above described property in favor of Lay & Company which lease is for a period of 10 years and the grantors do not warrant this property as to the provision of said lease agreement."

The warranty clause in the deed contains the following: "* * * (T)hat the grantors are lawfully seized in fee simple of said land and premises, and have full right and power to convey the same to the grantees in fee simple, and that said land and premises are free from any and all encumbrances (with the exceptions above stated, if any)," *et cetera.*

The plaintiffs filed said deed for registration in the office of the Register of Deeds of Cherokee County, North Carolina, on 6 December 1961, and the same is recorded in Deed Book 228, page 262.

The defendant paid the rental of $75.00 per month for said property to Mr. and Mrs. McCraney up to and including November 1961, and then paid the rental of $75.00 per month to the plaintiffs up to and including December 1963. During the month of November 1963 the plaintiffs notified defendant that as of 1 January 1964 the monthly rental would be $120.00 per month.

Defendant has refused to pay $120.00 per month, but has tendered to plaintiffs the sum of $75.00 per month for the months of January

and February 1964, which payments plaintiffs have refused and are demanding a rental of $120.00 per month from defendant for said property.

The plaintiffs instituted this proceeding for a declaratory judgment as to whether or not they are bound by the terms of the aforesaid lease.

The court below held that the plaintiffs are not bound by the terms of said lease and entered judgment accordingly. The defendant appeals, assigning error.

*Simms & Simms for defendant appellant.*
*McKeever & Edwards; Larry Thomas Black for plaintiff appellees.*

DENNY, C.J.   This appeal poses two questions: (1) Is the plaintiffs' subsequently acquired but prior recorded deed superior to the defendant's lease? (2) Are the plaintiffs estopped from denying the validity of defendant's lease by accepting rent in accordance with its terms for a period of two years and one month?

In our opinion, the first question must be answered in the affirmative and the second in the negative.

The Connor Act provides that "no conveyance of land, or contract to convey, or lease of land for more than three years shall be valid to pass any property, as against creditors or purchasers for a valuable consideration, from the donor, bargainor, or lessor, but from the registration thereof within the county where the land lies." G.S. 47-18.

Our decisions applying the ·Connor Act establish these legal results:

(1)   The registration of a deed conveying an interest in land is essential to its validity as against a purchaser for a valuable consideration from the grantor. *Dulin v. Williams,* 239 N.C. 33, 79 S.E. 2d 213.

(2)   A lease for more than three years must, to be enforceable, be in writing, and to protect it against creditors or subsequent purchasers for value, the lease must be recorded. *Mauney v. Norvell,* 179 N.C. 628, 103 S.E. 372.

(3)   As between two purchasers for value of the same interest in land, the one whose deed is first registered acquires title. *Combes v. Adams,* 150 N.C. 64, 63 S.E. 186; *Dulin v. Williams, supra; Hayes v. Ricard,* 245 N.C. 687, 97 S.E. 2d 105.

(4)   Actual knowledge, however full and formal, of a grantee in a registered deed of a prior unregistered deed or lease will not defeat his title as a purchaser for value in the absence of fraud or matters creating estoppel. *Piano Co. v. Spruill,* 150 N.C. 168, 63 S.E. 723; *Black-*

*nall v. Hancock,* 182 N.C. 369, 109 S.E. 72; *Patterson v. Bryant,* 216 N.C. 550, 5 S.E. 2d 849; *Eller v. Arnold,* 230 N.C. 418, 53 S.E. 2d 266; *Dulin v. Williams, supra.*

The defendant is relying upon what was said in *Trust Co. v. Braznell,* 227 N.C. 211, 41 S.E. 2d 744, as follows: "When a grantee accepts the conveyance of real property subject to an outstanding claim or interest evidenced by an unrecorded instrument executed by his grantor, he takes the estate burdened by such claim or interest. By his acceptance of the deed he ratifies the unrecorded instrument, agrees to stand seized subject thereto and estops himself from asserting its invalidity. *Bank v. Vass,* 130 N.C. 590 (41 S.E. 791); *Bank v. Smith, supra* (186 N.C. 635, 120 S.E. 215); *Hardy v. Fryer,* 194 N.C. 420, 139 S.E. 833; *Hardy v. Abdallah,* 192 N.C. 45, 133 S.E. 195."

It will be noted, however, that in the *Braznell* case the deed contained the following statement with respect to the outstanding leases: "'It is understood and agreed that this conveyance is made subject to the leases of the several tenants; * * *.'" The grantors and grantee had agreed to include in the deed a provision which would fully protect the lease of the plaintiff and the leases of the other tenants. This the deed did not do. *Hardy v. Fryer,* 194 N.C. 420, 139 S.E. 833. Therefore, the action was for the reformation of the deed based on mutual mistake. However, this Court did not uphold the validity of the unrecorded leases because the grantee had notice of their existence. The Court explicitly denied such claim. Instead, the Court allowed the unrecorded lease of the plaintiff to be superior because the grantee had agreed to such a result in his contract of purchase and had the deed prepared by his attorney, which did not protect the leaseholders as called for in the sales agreement.

In the case of *Hardy v. Fryer, supra,* Brogden, J., speaking for the Court, said: "The principles deducible from our decisions upon the subject of the sufficiency of the references necessary to impart vitality to a prior unregistered encumbrance, may be stated as follows:

"1. The creditor holding the prior unregistered encumbrance must be named and identified with certainty.

"2. The property must be conveyed 'subject to' or in subordination to such prior encumbrance.

"3. The amount of such prior encumbrance must be definitely stated.

"4. The reference to the prior unregistered encumbrance must amount to a ratification and adoption thereof.

"The theory out of which these principles grow, is that the reference to the unregistered encumbrance, if made with sufficient certainty,

creates a trust or agreement that the property is held subject thereto. * * *"

It has been held that a mere reference to a prior encumbrance not amounting to a ratification of it, and where the conveyance is not expressly made subject to the first, except as it may comply with the requirements of the registration law, the first instrument will be subject to the second instrument where the second one is recorded first. *Hardy v. Abdallah,* 192 N.C. 45, 133 S.E. 195.

We hold that the reference in the deed from the McCraneys to these plaintiffs was not sufficient to make such deed, when registered, subordinate to the defendant's unrecorded lease.

The defendant is wholly responsible for its present situation. It waited eighteen months before filing its lease for registration in Cherokee County, at which time the plaintiffs' deed had been recorded for more than eight months.

On the second question, are the plaintiffs estopped by accepting the rent according to the terms of the lease for more than two years? the answer is found in the case of *Mauney v. Norvell, supra.* "The court erroneously held that the plaintiff, by accepting rent, was estopped to demand possession. * * * He is entitled to rents as long as defendant remains in possession * * *. Acceptance of rents by the landlord does not create a tenancy from year to year nor preclude the landlord from recovery. * * * The receipt of money for the use of premises is not inconsistent with a demand for possession, for it has not misled the defendant nor put him to any disadvantage. * * *"

"It is essential to an equitable estoppel that the person asserting the estoppel shall have done or omitted some act or changed his position in reliance upon the representations or conduct of the person sought to be estopped. A change of position which will fulfill this element of estoppel must be actual, substantial, and justified." 31 C.J.S., Estoppel, § 72(b), page 442.

The judgment of the court below will be upheld.

Affirmed.